# Southern Railway Company v. Ellis.

## Crossing Accident.

(Decided December 17, 1912.  60 South. 407.)

1. *Charge of Court; Invading Jury's Province.*—Where the action was for injury to one sitting so near the track as to be struck by the train, subsequent negligence being counted on, plaintiff was not entitled to a charge that he could recover if he was struck and injured while sitting on the cross ties, although plaintiff's testimony that he did not know of the approach of the train until he was struck was uncontradictory, since the charge took from the jury the question of any subsequent contributory negligence on the part of the plaintiff.

2. *Same.*—Where the evidence was not conclusive that the employees of the defendant were negligent, or that they saw plaintiff in time to avoid striking him, it was error to instruct to find for the plaintiff unless defendant proved that it was free from negligence.

3. *Same; Credibility of Witness.*—Even though the testimony is without conflict the court should not in its oral charge or by written instruction instruct the jury as to its credibility.

4. *Trial; Argument of Counsel; Limitation.*—Where the plaintiff testified that he did not see or hear the approach of the train until it struck him, the counsel for the defendant was entitled to argue to the jury the reasonableness and credibility of such testimony, and it was error to refuse to permit him to do so.

APPEAL from Hale Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

Action by Noah Ellis against the Southern Railway Company for damages from being hit by defendant's train. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The facts and pleadings sufficiently appear. The following charges were given at the instance of the plaintiff:

(1) "The court charges the jury that if they are reasonably satisfied, from the evidence in this case, that on the 12th day of October, 1910, plaintiff was upon the track of the defendant's railroad at a point on said road known as Sawyerville, and that plaintiff was run over, on, or against by a locomotive of defendant, or by the train of cars attached to said locomotive, and that the same was operated at the time by the servants, agents, or employees of the defendant, and they are further satisfied that the said engine or cars which inflicted the injury, if they find the injury to have been inflicted by said locomotive or cars, run over, on, or against the plaintiff as said locomotive or cars were approaching said station, and at a point 250 feet from said station, then they should find a verdict for the plaintiff, unless the evidence showed that the defendant was at the time free from negligence in the matter of causing said injury; and the court charges the jury that the burden of showing freedom from negligence in such event is upon the defendant."

(2) "The court charges the jury that if they are reasonably satisfied, from the evidence in this case, that the plaintiff was sitting down upon a cross-tie on defendant's track at a point 250 feet east of defendant's station in Hale county, Alabama, known as Sawyerville, and in the village of Sawyerville, on the night of

October 12, 1910, and while sitting on said cross-tie, was run over, on, or against by defendant's engine or train of cars attached thereto, and thereby his arm was broken, and he received wounds about his head and body, then the jury should find a verdict for defendant."

PETTUS, FULLER & LAPSLEY, and R. B. EVINS, for appellee. Under the evidence the plaintiff was a trespasser and the defendant owed him no duty except not to injure him after discovering his peril, and in order to make plaintiff's case it is necesary for him to prove that some one of appellant's servants saw him in time. —*Mizell v. So. Ry.*, 132 Ala. 586; *A. G. S. v. McWhorter*, 156 Ala. 279; *L. & N. v. Young*, 153 Ala. 232; *Randall v. B. R. L. & P.*, 158 Ala. 532. The credibility of testimony is for the jury although there is no conflict in it.—*James v. Fields*, 84 Ala. 449; *Am. O. E. Co. v. Ryan*, 112 Ala. 337; *Rhodes v. Lowery*, 54 Ala. 4. The oral charge of the court as well as the written charges given and refused violate the principles above set out. The action was on subsequent negligence and section 5476, Code 1907, was not applicable.—*C. of Ga. v. Blackman*, 169 Ala. 313.

THOMAS E. KNIGHT, for appellee. The burden was on the defendant of disproving negligence as the accident happened at a place covered by section 5476, Code 1907; *Carlisle v. A. G. S.*, 166 Ala. 591. Under these authorities, the court was not in error in any of its rulings, and the authorities cited by appellant are without application.

PELHAM, J.—The averments of the several counts of plaintiff's complaint setting up wantonness and subsequent negligence of the defendant's employees in charge of the engine that caused the injury show that

the plaintiff was a trespasser at the time he received the injuries complained of. The defendant filed pleas of contributory negligence to the counts of the complaint, alleging the plaintiff's injury to have been occasioned by the subsequent negligence of the defendant, setting up negligent failure of the plaintiff to extricate himself from his position of peril after becoming aware of it, and after, or at the time of, the happening of the negligence of the defendant complained of and set up in said counts.

The plaintiff, as a witness in his own behalf, testified on the trial that he went to Sawyerville, a station on the defendant's railroad, on the day of the evening he was injured, on, to wit, October 12, 1910, and that, about an hour and a half before the time for the arrival at that place of the regular west-bound train that subsequently struck and injured him, he went to a restaurant across the railroad track from the depot, and procured and ate two pies; that he then returned across the track to the depot side, and walked down the track east from the depot in the direction of Greensboro, and on the south side of the track, walking between the main line track and a side track, to a point about 250 feet from the depot, where he sat down on the end of one of the cross-ties of the main line track about opposite to and facing one of the seed-houses adjacent to the side track; that the distance from the end of the cross-tie to the nearest rail of the main line track was about 18 inches, and that his body covered or occupied part of this space while he was sitting on the cross-tie; that he remained sitting there until it was dark and the lights in the stores at Sawyerville were lit; that he was sick at the stomach and suffering when he sat down on the cross-tie, and remained sick while sitting there; that he did not know how long he remained there, but that after

he had been sitting on the cross-tie for some time he was "struck by something"; that he did not know when the train that injured him came that night; that he did not hear or see it before it struck him, but felt the pressure or contact of something hitting him, and then did not know anything more for some time.  It was shown without conflict in the evidence that the track was straight and comparatively level for half a mile or more east from the point where the plaintiff was sitting when struck, that the train that struck and injured plaintiff came from the east going from Greensboro to Sawyerville, and that, when the train stopped at the latter station, the fireman got down from the engine with a torch, and went back to where the plaintiff was lying.  The restaurant-keeper testified that it was about 10 or 15 minutes from the time the plaintiff got the pies at his place of business before the train came.

The plaintiff being a trespasser, his right to recover for the subsequent negligence of the defendant under the issues made by the pleading in this case involved the jury's belief of the testimony of the plaintiff that he did not see the train, and was not aware of its approach until struck by it; that he was not, in short, guilty of subsequent contributory negligence under his own testimony.  Charge No. 2, given at the request of the plaintiff, directing a verdict for the plaintiff, ignores this proposition, and directs a finding for the plaintiff without regard to the jury's belief or disbelief of this phase of the evidence.  Charge No. 1 is also open to the same criticism.  While it is true that the plaintiff's testimony that he did not know of the train's approach until struck by it is not contradicted by other oral testimony, the court was without right to assume the jury's absolute belief and acceptance of this testimony, and to direct a verdict for the plaintiff predicated on such assumption,

when the right of recovery rested upon the credibility of this testimony in the minds of the jury.

"When a question of fact is involved, dependent upon oral testimony, the credibility of the evidence must be referred to the jury, and a charge assuming the credibility of the testimony is erroneous, though it is clear and undisputed."—*Davidson v. State,* 63 Ala. 432, quoted and cited by this court in *Thomas v. Smoot,* 2 Ala. App. 407, 56 South. 1. The court cannot determine, and thereby take away from the jury, the right to pass upon the credibility of oral testimony, even though it is without conflict.—*Scott v. State,* 110 Ala. 48, 20 South. 468.

Charges Nos. 1 and 2 virtually and in effect took away from the jury the consideration of the case on the evidence, where the state of proof, taken in connection with the physical facts, was such that reasonable minds might reach different conclusions from the evidence offered. Whether or not the burden of proof under the facts in this case is on the defendant of disproving the negligence set up in plaintiff's complaint charging subsequent negligence, the court was in error in determining for itself and taking from the jury the credibility of evidence that might in the minds of the jury have been deemed sufficient to discharge the burden if upon the defendant.

Moreover, under the influence of what is said in the late case of *Central of Ga. R. R. Co. v. Blackmon,* 169 Ala. 313, 53 South. 805, it would appear that the burden of proof would not be upon the defendant in this instance. The evidence, having a tendency to show subsequent negligence of the defendant, to the effect that the fireman got down from his place on the engine and went back to the place where the plaintiff had been struck, afforded no more than an inference that some one on the engine knew the engine had struck something,

but whether the plaintiff had been seen in a place of danger a sufficient length of time before having been struck to have afforded an opportunity to use effective preventive measures to avoid the injury would be but conjecturable from this testimony.

The court not only directed a verdict for the plaintiff in charges assuming and determining the truth of the oral testimony, the credibility of which was for the jury alone, but refused to permit counsel for defendant to argue to the jury . the question of the reasonableness and credibility of the plaintiff's testimony, taken in connection with the physical facts, as showing contributory negligence. Clearly this was error. The plaintiff had testified that he did not see or hear the approach of the train while sitting on the cross-tie within 18 inches of the rail of that track. The track in the direction from which the train came was straight for half a mile, and the headlight on the locomotive was lighted. That some noise and vibration necessarily result from the operation and running of a train is a matter of common knowledge. The evidence contains no suggestion, aside from the plaintiff's testimony that he was sick and suffering, going to show that the plaintiff was not in the full possession of his faculties and senses while continuing to sit on the end of the cross-tie of the track upon which an engine and train of cars approached for half a mile along a straight track, and ran against the plaintiff. If the plaintiff did hear or see the train, and negligently failed to use the necessary effort to remove himself from the zone of danger to prevent being struck by the train, then he was guity of contributory negligence. This was a question of credibility for the jury to pass upon, who heard the testimony, and the defendant had the right to have this question submitted for their determination on

this proposition from the defendant's viewpoint by proper argument of counsel to the jury. The court's assumption of the credibility of the oral testimony alluded to, and taking the question from the consideration of the jury, and refusal to permit defendant's counsel to argue the reasonableness and credibility of the testimony to the jury, to which rulings and action of the court timely objection was made and seasonable exceptions reserved, must work a reversal of the case.

Reversed and remanded.