(88 South. 36)

### COCA–COLA BOTTLING CO. v. BARKS-DALE. (2 Div. 214.)

(Court of Appeals of Alabama. Nov. 9, 1920.)

1. FOOD ⬅25—DEFENDANT BOTTLING COCA-COLA LIABLE FOR NEGLIGENCE CAUSING ILLNESS OF PERSON USING IT.

Defendant bottling Coca-Cola and selling it as a beverage for human consumption was bound to see that as bottled and sold it could be used without causing sickness or endangering life or health, and for any negligence therein proximately resulting in injury to plaintiff defendant would be liable.

2. FOOD ⬅25—IN ACTION FOR NEGLIGENCE IN BOTTLING COCA-COLA, GENERAL AVERMENT OF NEGLIGENCE AND INJURY IS SUFFICIENT.

In an action against a Coca-Cola bottling company for negligence resulting in a part of a mouse or rat being bottled and plaintiff's being made ill by partaking of the beverage, the facts of defendant's negligence being generally better known to it, an averment in general language and form is sufficient.

3. APPEAL AND ERROR ⬅1040(9)—SUSTAINING DEMURRER TO PLEA WITHOUT INJURY WHERE AMENDED PLEA ALLOWED TO STAND.

In an action for injuries from defendant's negligence in bottling Coca-Cola, drunk by plaintiff, if there was error in sustaining plaintiff's demurrer to defendant's plea of contributory negligence, it was without injury where plaintiff's demurrers were overruled to defendant's amended plea of contributory negligence, which was substantially the same.

4. EVIDENCE ⬅194—IN ACTION FOR INJURIES FROM NEGLIGENT BOTTLING, HELD NOT ERROR TO INTRODUCE COCA-COLA BOTTLE AND DECOMPOSED RAT CONTAINED THEREIN.

In an action for personal injuries from defendant's negligence in bottling Coca-Cola, it was not error to permit in evidence the bottle and the decomposed rat, where plaintiff as a witness identified the bottle and contents, since the testimony is not to be excluded because the witness did not speak with positive assurance.

5. DISCOVERY ⬅79—PARTY MAY BE ASKED ABOUT HIS ANSWER TO INTERROGATORIES AND CROSS-EXAMINED THEREON.

Under the statutes authorizing filing interrogatories to the opposite party and offering the answers in evidence, only the party taking them can make them evidence; yet, when the propounder questions the witness as to what his answer was to a certain interrogatory, as to the answer inquired about, the opposite party may cross-examine, and to this extent at least it constitutes an offering of the answers in evidence.

6. APPEAL AND ERROR ⬅237(2)—MOTION TO EXCLUDE ANSWER NECESSARY TO REVIEW, THOUGH OBJECTION IS MADE TO QUESTION.

Where no objection was made to offering a part of an interrogatory, but the objection was to the question, and only general grounds of objection were assigned, and no motion to exclude the answer was made, it cannot be held error.

7. FOOD ⬅25—IN ACTION FOR INJURY FROM IMPURITY, PLAINTIFF MAY BE ASKED WHETHER HE EVER DRANK ANY THAT TASTED THE SAME WITHOUT ILL EFFECTS.

In an action for damages from negligence in bottling part of a mouse or rat in a bottle of Coca-Cola, it was not error to overrule defendant's objection to the question, "Have you ever drank Coca-Cola that tasted the same and had no ill effects from it?" besides no motion was made to exclude the answer.

8. APPEAL AND ERROR ⬅273(7)—OBJECTION TO ORAL CHARGE SHOULD BE TO PARTICULAR PART, AND NOT TO SUBSTANCE.

A party may not reserve an exception to what the court said in its oral charge "in substance," but such exception should be to the particular part which is objectionable.

9. DAMAGES ⬅208(6) — EVIDENCE HELD TO PRESENT A JURY QUESTION AS TO PLAINTIFF'S MENTAL SUFFERING.

In an action for personal injuries from drinking from a bottle of Coca-Cola in which a part of a mouse or rat had been negligently bottled, evidence held to present a jury question whether plaintiff was entitled to damages for mental anguish and pain.

10. FOOD ⬅25—EVIDENCE BEING CONFLICTING AS TO DEFENDANT'S NEGLIGENCE, A JURY QUESTION WAS PRESENTED.

Whether defendant was negligent in failing to use due care to see that the Coca-Cola bottled by it and sold to the public was fit for human consumption was, under the facts in evidence as to plaintiff's partaking thereof and being made sick, a question for the jury; the evidence being conflicting.

11. APPEAL AND ERROR ⬅301—EXCESSIVENESS OF VERDICT CANNOT BE RAISED WITHOUT MOTION FOR NEW TRIAL.

Where appellant made no motion for new trial on the ground that the verdict for damages was excessive, this court cannot primarily consider the question of excessiveness of the verdict, under Acts 1915, p. 610.

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

Action by H. L. Barksdale against the Coca-Cola Bottling Company for damages for personal injuries received from drinking an imperfect bottle of Coca-Cola. Judgment for the plaintiff in the sum of $500, and defendant appeals. Affirmed.

Amended count 1 is as follows:

(1) Plaintiff claims of the defendant $2,500 as damages, for this, that defendant, while operating a business a part of which was the bottling and selling a beverage known as Coca-Cola, in Selma, Dallas county, Ala., during the month of February, 1919, did so negligently conduct said business as to bottle a mouse, or a part of a mouse, together with some of the beverage known as Coca-Cola, in one of its bottles, and did sell said bottle, or its con-

tents, to a retailer, who in turn sold the same to plaintiff on, to wit, February 17, 1919, at and for the sum of five cents, and that by reason of drinking a part of the contents of said bottle plaintiff was' made sick with violent nausea, and suffered great bodily pain and mental anguish, to his damage in the amount above claimed, wherefore this suit.

The demurrers raised the proposition of want of contractual relationship between the parties. The count is based on negligent failure to use ordinary care, and fails to show want of ordinary care, fails to show any duty owed by the defendant to the plaintiff, and does not state facts sufficient to constitute a cause of action.

Plea 2 is as follows:

(2) Defendant says that plaintiff himself was guilty of negligence, which proximately contributed to his own injury, in this, that, although the taste of said Coca-Cola was different from the taste of ordinary Coca-Cola, 'and that the taste of said Coca-Cola was bad, which fact was discovered by plaintiff when he first tasted the Coca-Cola, and drunk only a small quantity of the same, which had not injured him, yet plaintiff, after such discovery, negligently drank a large quantity of the Coca-Cola without investigating the cause, and that the above negligence of plaintiff was the proximate cause of his injury.

The other facts sufficiently appear.

Arthur M. Pitts, of Selma, for appellant.

Court erred in overruling demurrers to count 1. 91 Ala. 496, 8 South. 406, 11 L. R. A. 146; 93 Ala. 24, 9 South. 458; 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; 132 Ala. 444, 31 South. 527. The defendant was entitled to the affirmative charge. 111 Miss. 442, 71 South. 743, L. R. A. 1916E, 1074. Counsel discuss other assignments of error, but without further citation of authority.

Samuel F. Hobbs, of Selma, for appellee.

The complaint, as amended, was sufficient. 125 Ala. 237, 28 South. 438, 50 L. R. A. 620. The plea of contributory negligence was subject to the demurrers interposed. 149 Ala. 474, 42 South. 1019; 154 Ala. 565, 45 South. 702; ante, p. 280, 84 South. 628. The affirmative charge was properly refused. Ante, p. 280, 84 South. 628. This case clearly falls within the rule laid down in the following cases: 90 Ala. 11, 8 South. 142, 24 Am. St. Rep. 748; 110 Ala. 161, 20 South. 317; 75 N. J. Law, 748, 70 Atl. 314, 19 L. R. A. (N. S.) 923; 16 Ala. App. 639, 80 South. 734; 183 Ala. 415, 62 South. 851. The verdict was not excessive. 82 South. 22.

MERRITT, J. [1] The judgment from which the appeal is taken in this case was rendered against the appellant in a suit for damages wherein it was alleged that appellant, being engaged in the business of bot-tling and selling a beverage known as Coca-Cola, did so negligently conduct its business as to bottle and sell a bottle of said beverage which contained a decomposed rat or mouse; a part of the contents of the bottle being drunk by appellee, who was made sick. The case was submitted to the jury on amended count No. 1, and the sufficiency of this amended count was questioned by demurrers to the same. There was no error in overruling these demurrers. The appellant, being engaged in the business of bottling and selling a beverage for human consumption, was bound to use due care to see that the beverage bottled and sold such as could be partaken of without causing sickness or endangering human life or health because of its unwholesome and deleterious condition; and for any negligence in this particular, in failing to observe this duty, which proximately resulted in injury to any one, the appellant would be responsible. See recent case of Chysky v. Drake Bros. Co., 192 App. Div. 186, 182 N. Y. Supp. 459; Craft v. Parker Webb Co., 96 Mich. 245, 55 N. W. 812, 21 L. R. A. 139; Bishop v. Weber, 139 Mass. 411, 1 N. E. 154, 52 Am. Rep. 715; Huset v. Case Threshing Mach. Co., 120 Fed. 865, 57 C. C. A. 237, 61 L. R. A. 303; Watson v. Augusta Brewing Co., 124 Ga. 121, 52 S. E. 152, 1 L. R. A. (N. S.) 1178, 110 Am. St. Rep. 157; Pantaze v. West, 7 Ala. App. 599, 61 South. 42.

[2] What the defendant did and how he did it and what he failed to do are generally better known to the defendant than to the plaintiff; and hence it is that in such cases a general form of averment is sufficient. M. & O. R. R. Co. v. George, 94 Ala. 214, 10 South. 145; Armstrong v. Montgomery St. R. Co., 123 Ala. 233, 26 South. 349.

Where a duty to exercise care is shown, a failure to perform the duty and negligence which causes the injury complained of may be well averred in the most general language. Postal Tel. Co. v. Jones, 133 Ala. 226, 32 South. 500; L. & N. R. R. v. Jones, 83 Ala. 376, 3 South. 902; L. & N. R. R. v. Marbury Lumber Co., 125 Ala. 237, 28 South, 438, 50 L. R. A. 620.

[3] If there was any error in sustaining appellee's demurrers to appellant's plea No. 2, that of contributory negligence, it was without injury, for the reason that appellee's demurrers were overruled to appellant's amended plea of contributory negligence, which plea was substantially the same as the one to which demurrers were sustained.

[4] We do not think the trial court was in error in permitting the introduction of the bottle and the decomposed rat, over the appellant's objections. The appellee identified the bottle and its contents. The testimony is not to be excluded because the witness does not speak with positive assurance. Mitchell v. State, 94 Ala. 68, 10 South. 518; Turner

v. McFee, 61 Ala. 468; Walker v. State, 58 Ala. 393; 1 Greenleaf on Evidence, § 440.

[5] It fairly appears from the cross-examination of the plaintiff that defendant's counsel asked the witness in regard to his answers to several interrogatories propounded to him by the defendant, and that on redirect examination plaintiff's counsel asked the witness the following question:

"I will ask you to look at this copy of the interrogatory which you answered in this case. In answer to the interrogatory propounded by Mr. Pitts, when did you eat your next meal after you drank Coca-Cola. Please state to the jury what your answer was."

To this question the defendant objected on the ground that the same was irrelevant, immaterial, and inadmissible. The court overruled the objection.

As said in the case of So. Ry. Co. v. Hubbard, 116 Ala. 387, 22 South. 541:

"It is the settled construction of the statutes which authorize the filing of interrogatories to the opposite party, and offering the answers into evidence, that only the party taking them can make them evidence."

Yet we think that, when the party propounding them questions the witness as to what his answer was to a certain interrogatory, certainly as to the answer to the interrogatory inquired about, the opposite party may cross him as to his answer, and that an examination of this kind on the part of the party propounding the interrogatory is to this extent, at least, an offering by him of the answers in evidence.

[6] Furthermore, it will be seen that no objection was made to offering this part of the interrogatory, but the objection was to the question, and only general grounds of objection were assigned, and no motion was made to exclude the answer.

[7] There was no error in overruling defendant's objection to the question:

"Have you ever drank Coca-Cola that tasted the same and had no ill effects from it?"

Besides, no motion was made to exclude the answer.

[8] We know of no statute allowing a party to reserve an exception to what the court said in its oral charge "in substance," and a party desiring this court to pass on any part of the trial court's oral charge should reserve an exception to that particular part which is objectionable, and not to the substance of it, as appellant did in this case.

[9] We hold that under the evidence in this case it was a question for the jury as to whether the plaintiff was entitled to damages for mental anguish and pain. Watson v. Augusta Brewing Co., 124 Ga. 121, 52 S. E. 152, 1 L. R. A. (N. S.) 1178.

[10] Whether or not the defendant was negligent in failing to use due care in seeing to it that the beverage bottled by it and sold to the public was fit for human consumption under the facts and the tendencies afforded by the evidence in this case was, we think, for the jury to determine. That the plaintiff was made sick there seems to be no doubt. Just how sick and its effects was for the jury to say. He says he was made sick by drinking the beverage bottled and sold by appellant; that he did not know the mouse was in the bottle until he had drank the Coco-Cola.

The defendant's testimony tends to show that it has an up-to-date plant, and that it was operated in a skillful manner such as all well-ordered and up-to-date plants are, and the manager of the plant and one of the defendants testified that the only way for this thing to have occurred was for there to have been some break in the machinery, and that there was no break, or through some carelessness of some one operating the plant. So from the conflict in the evidence it necessarily became a question for the jury to determine from a consideration of the whole evidence.

As was said in the case of Pantaze v. West, 7 Ala. App. 607, 61 South. 44:

"It was not for the court to pass upon the conflicting, probable, or reasonable inferences to be drawn from the evidence, nor to weigh or balance one inference that could be so drawn against another contra inference deduced from other testimony, and thus determine and pass upon these different and conflicting inferences afforded by the evidence for or against one or the other of the parties to the suit; for this, under our system, is exclusively the province of the jury. And as negligence and the failure to exercise due care and ordinary caution, like any other fact, may be inferred from circumstances, the court would not have been justified in taking the case from the jury unless, as a matter of law, no recovery could have been had in the case upon any view which could properly have been taken of the evidence and of the reasonable tendencies afforded by it."

See Smoot v. M. & M. Ry. Co., 67 Ala. 16; Culver Adm'rs v. A. M. Ry., 108 Ala. 330, 18 So. 827; M., J. & K. C. R. R. v. Bramberg, 141 Ala. 258, 37 So. 395; B. R., L. & P. Co. v. Enslen, 144 Ala. 343, 39 So. 74; McCormick Co. v. Lowe, 151 Ala. 313, 44 So. 47; U. Tel. Co. v. Louisell, 161 Ala. 231, 50 So. 87; B. R., L. & P. Co. v. Murphy, 2 Ala. App. 588, 56 So. 817; So. Ry. Co. v. Ellis, 6 Ala. App. 441, 60 So. 407; Armour & Co. v. Ala. Power Co., ante, p. 280, 84 So. 628.

[11] The eleventh assignment of error is:

"The verdict in this case is excessive and should be reduced by the Court of Appeals," etc.

Appellant in argument insists that the verdict is excessive, and that under Acts 1915, p. 610, this court should determine the amount of the excess and direct a reversal

unless the appellee remit the excess. It nowhere appears from the record or the bill of exceptions that appellant made a motion for a new trial which was acted upon by the trial court, on the ground that the verdict was excessive, or that a motion for a new trial was made predicated on any other grounds as for that. So we are confronted with the entirely new question as to whether under the acts of 1915 this court can primarily consider the question of the excessiveness vel non of said verdict; the same appearing not to have been raised in and passed upon by the trial court. We think not. We do not see how the trial court could be put in error for something that has never been presented to it and it has not had an opportunity to pass upon. It is noticeable that the record in all cases that we have examined where the verdict was claimed to be excessive discloses the fact that in each a motion for a new trial has been made and acted upon by the trial court. So, then, pretermitting the question as to whether the verdict in the instant case is excessive, our conclusion is that this is not properly presented to us for review under this record in this case.

We find no error, and the judgment for the plaintiff is affirmed.

Affirmed.