(114 So. 285)

**UNION INDEMNITY CO. v. CUNNING-HAM.** (6 Div. 114.)

Court of Appeals of Alabama. Aug. 2, 1927.

Rehearing Denied Nov. 1, 1927.

F. D. McArthur, of Birmingham, for appellant.

Ralph W. Quinn and W. F. Spencer, both of Birmingham, for appellee.

SAMFORD, J. ■ Motion is made to dismiss the appeal on the ground that there is no legal bill of exceptions. This is not sufficient ground to sustain the motion. A party desiring an appeal may do so and perfect an appeal on the record without a bill of exceptions. Code 1923, § 6102.

■ There is no motion to strike the bill of exceptions by reason of the same not having been signed within the time allowed by law and we cannot now do so ex mero motu. Code 1923, § 6434.

■ The count of the complaint is almost the same as count A in the case of Burge v. Scarbrough, 211 Ala. 377, 100 So. 653. In that case Miller, J., held the count to be bad on demurrer. He cited substantial authority to sustain that conclusion. The other members of the court held the count to be good, but wrote no opinion. The count in the present case differs from count A in Burge v. Scarbrough, supra, and from the counts in Deason v. Gray, 189 Ala. 672, 66 So. 646, in that in those cases it is alleged that the surety was on an official bond, while here there is no such allegation. That ground of the demurrer pointing out that defect was good and the demurrer should have been sustained. But Supreme Court rule 45 provides that:

"No judgment may be reversed or set aside or new trial granted by this court or any other court of this state, in any civil or criminal case on the ground of misdirection of the jury, * * * nor for any matter of pleading or procedure unless in the opinion of the court to which the appeal is taken, * * * after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected the substantial rights of the parties."

By an examination of the bill of exceptions it appears that the bond of defendant was the official bond of the deputy sheriff, and the case was tried as if the proper allegation had been made in the complaint.

■ The evidence for the plaintiff tends to prove that plaintiff was in the legal custody of Johnnie Jones, who was at the time a deputy sheriff for Jefferson county, acting under color of office and in the line of duty. So far as the evidence discloses, both the arrest and custody were legal, it having been made for an offense committed in the presence of the officer. The evidence also tends to prove that while plaintiff was in such custody, the defendant, Johnnie Jones, assaulted and beat him without provocation or justification. This last was denied by defendant and his witnesses, but the evidence was in conflict and the jury found in favor of the plaintiff. Coupled with the duty of the officer to make the arrest was the duty to retain the custody of plaintiff, to treat him humanely, and not to maltreat or to assault and beat him. 35 Cyc. 1734, K, 1 and 3. It is the duty of an officer having custody of a prisoner to protect him from the assaults of others; how much more so is he charged with the duty not to assault him himself?

■ By Acts of the Legislature 1915, p. 382, section 3, deputy sheriffs are required to enter into bond in the penal sum of $2,000, payable, conditioned, and approved as is the bond of the sheriff, and such bond shall be recorded, held, and governed in all respects by the laws of this state relating to official bonds. Section 2612 of the Code of 1923 changes the rule of the common law relative to sheriffs' responsibilities for torts committed, and provides a bond (subdivision 3)—

"for the use and benefit of every person who is injured, as well by wrongful act committed under color of his office as by his failure to perform, or the improper or neglectful performance of those duties imposed by law." Deason v. Gray, 189 Ala. 672, 66 So. 646.

The defendant Jones executed such bond, and this codefendant became his surety and, as such, became liable for and on account of the wrongful trespass committed by Jones on the person of plaintiff.

■ It is insisted by defendants that the assault complained of was not committed by the defendant Jones "under color of his office and in the line and scope of his authority." This is drawing a line too fine to be seen. The defendant Jones made the arrest in his capacity as a deputy sheriff, he had the plaintiff in his custody by reason of his office, his duty to the plaintiff arose by virtue of his office, and an unlawful assault during the period of custody cannot be divorced from his official duty. It is true, the opinion in Burge v. Scarbrough, supra, might be an authority for a different view, but that opinion is only that of one judge and is not the law as we conceive it. There may be cases where an assault upon a prisoner by an officer having legal custody is individual and not official, but this is not one of them.

■■ If the plaintiff was entitled to recover at all, he was entitled to recover more than nominal damages, and hence charge No. 5 was properly refused.

Under our view of this case, refused charge No. 5 was abstract.

■ The defendant Johnnie Jones having admitted that he struck plaintiff in the face with his hand, at the place and time as alleged by plaintiff, it became necessary for the defendant to justify the act if he could. Under the evidence, the burden rested on the defendant to substantiate his plea, and the written charge given at the request of plaintiff was free from error. If defendant Johnnie Jones had not admitted the assault, the contention of defendant would have been good.

▆ The court in his oral charge limited the plaintiff's recovery to compensatory damages. If defendant was not satisfied with the charge on this point, he should have requested charges in writing, requesting such explanation or limitations as he thought the evidence justified. Under the charge of the court the jury was only authorized to assess such damages as in their judgment, under the evidence, would compensate plaintiff for the indignity and humiliation caused by the unlawful assault made by defendant Johnnie Jones. Under the circumstances of this case, we cannot say that the amount of damages assessed is so excessive as to require a reversal, and, being compensatory, the surety of this bond becomes jointly liable.

▆ The plaintiff's counsel was permitted, over the objection and exception of defendant, to ask this question, "Did he hit him hard or light, or just how did he strike him?" This question referred to the blow here involved. The answer to this question was, "Pretty hard." This question called for a statement of a fact rather than a conclusion, and the answer was admissible because it stated a fact.

▆ The plaintiff was permitted, over the objections and exceptions of defendant, to go into and detail what took place and what was said by defendant at the time plaintiff was arrested and a mile and one-half from where the parties were at the time of the assault and battery complained of. It is not contended that the mistreatment described in the complaint was continuous. In fact, it is not denied that the arrest was legal. The proof shows an assault and battery by defendant on plaintiff long after the arrest. It was relevant to prove the fact of the arrest and the continued custody, but the details of the arrest and what was there said was irrelevant and immaterial. The answers to these questions had a tendency to prejudice the defendant's case, and they should have been excluded.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.