(120 So. 577)

**BURGE et al. v. FORBES. (6 Div. 355.)***

Court of Appeals of Alabama. Nov. 8, 1928.

Rehearing Granted Jan. 8, 1929. Rehearing Denied Feb. 26, 1929.

*Certiorari denied 219 Ala. 700, 121 So. 915.

Harsh & Harsh, Frank S. White, Jr., and E. C. Crow, all of Birmingham, for appellants.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

SAMFORD, J. ▪▪ The first count of the complaint is challenged by demurrer, in that it is charged that—

The defendant Burge "was acting under the color of his office and within the line and scope of his employment as such deputy. sheriff in placing the *defendant* under arrest under a charge of reckless driving, etc."

It may first be observed that the word "defendant" was used where "plaintiff" was evidently intended. This was clearly a lapsus pennæ·and was not pointed out on the trial, so we treat it as a self-correcting error. The point is made that, "Acting under color of his office," and, "Within the line and scope of his authority," are repugnant allegations of the complaint rendering the complaint demurrable. The allegation above quoted was contained in the counts passed upon in Burge v. Scarbrough, 211 Ala. 377, 100 So. 653, and Union Indemnity Co. v. Cunningham (Ala. App.) 114 So. 285.[1] In both of the above cases the count was held to be good, though the exact point here presented does not seem to have been presented. The allegation in the count is in reality a charge that the defendant Burge, while acting as a deputy sheriff and under color of such office, arrested plaintiff, etc. We see no repugnancy in the count, and cannot see how the allegation could have been better stated. The wrong complained of is an abuse of the authority of his office, in that under its color he arrested and imprisoned the plaintiff. We do not think the ground of demurrer well taken. Coleman v. Roberts, 113 Ala. 323–330, 21 So. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111.

·The averment in count 1 that the act was committed while acting under color of his office and in the line and scope of his employment as such deputy sheriff is equivalent to an averment that the defendant Burge was then and there acting under color of his office, etc. This is apparent when the excerpt is read and considered in connection with the whole count.

Count 1 followed the Code form in a complaint charging assault, and is sufficient to put defendant to his defense.

▪ Exception is taken and presented here that the trial judge charged the jury:

"There are two counts in the complaint, and if he has proven to your reasonable satisfaction the material averments of either one of the counts of the complaint why then he would be entitled to recover in the case."

There had been seven counts in the complaint, but when the above charge was given there were only two, and it was proper for ·the court to so charge. We are of the opinion that the opinion in Bradley, etc., v. Walker, 207 Ala. 701, 93 So. 634, has no application here.

The court in its oral charge instructed the jury as follows:

"If you are reasonably satisfied from the evidence that plaintiff was unlawfully imprisoned, your verdict would be for the plaintiff under that count (count 7)."

Exception was reserved to the excerpt. The count charged that defendant arrested and imprisoned plaintiff. There was some indefiniteness in reserving this exception. But conceding that the exception is properly

---

[1] 22 Ala. App. 226.

presented for review, when the whole charge of the court is considered in connection with the excerpt, there appears no reversible error.

■ The foregoing also applies to assignment of error 20, where exception was taken to excerpt from the court's charge as follows:

"There should be no imprisonment unless the circumstances render it necessary."

In cases of this kind the question of whether a party charged with a misdemeanor should be imprisoned is a question for the jury, under proper instructions from the court. Hayes v. Mitchell, 69 Ala. 453.

■ The first count of the complaint charges the defendant with one assault. There can be little doubt that, if the defendant pointed a pistol at the plaintiff, such act would constitute a civil assault and the basis for a civil action, provided such act on defendant's part was not necessary in making a lawful arrest. 2 R. C. L. 534 (11). But the mere exhibiting of a pistol by an officer making an arrest, nor the pointing of a pistol in the direction of the truck in which plaintiff was at the time riding, would not constitute an assault, either criminal or civil. To constitute a civil assault which can be made the basis of an action, it is not essential that the assault be committed with an intention to inflict an injury on the person. Birmingham Ry., L. & P. Co. v. Coleman, 181 Ala. 478, 61 So. 890. But the assault must be directed against the person and not the property of plaintiff. The intention to do immediate harm to the person of plaintiff appears not to be essential in an action for a civil assault.

■ The general charge requested by defendant as to count 7 was properly refused. The facts as to that count were in dispute and were properly submitted to the jury.

■ Charges 8, 10, and 24, refused to defendant, are abstract and properly refused. All the counts charging malicious prosecution had been eliminated, and the court specifically charged the jury that recovery must be had, if at all, on counts 1 and 7. The case of Bradley, as Receiver, etc., v. Walker, 207 Ala. 701, 93 So. 634, presents an entirely different situation.

■ Charges similar to defendant's refused charge 17 have received just criticism at the hands of the Supreme Court. Alabama Great Southern R. R. Co. v. Robinson, 183 Ala. 265, 62 So. 813. Such charges are misleading and tend to confusion, and a trial court should never be reversed for refusing them.

■ The refusal of defendant's requested charge G might well be predicated upon the case of Mitchell v. Gambill, 140 Ala. 316, 37 So. 290. In addition to this, the charge was not limited to count 1, but included also count 7. It is very obvious that this charge could not apply to that count.

■ Charge F refused to defendant is misleading. The action is not on contract, but is founded on a tort for which the casualty company becomes bound by reason of the statute and its suretyship, and the plaintiff's right to recover is dependent upon the tort of the principal Burge.

As we have already pointed out above, the court should not have given the general charge as requested by defendant as to the first count of the complaint. This covers refused charges H and I.

■ It was relevant and proper for the plaintiff to offer testimony of the arrest and imprisonment from the beginning, up to and including the time when plaintiff was locked up in jail by and through the procurement of defendant. After defendant had relinquished control over plaintiff by a transfer to a superior authority his liability ceased, and evidence of what then occurred would be irrelevant.

The other rulings upon the admission of testimony have been examined and are held either to be without error or without injury.

■ The exceptions reserved to excerpts from argument of plaintiff's counsel are without merit.

■ This court does not consider the motion for a new trial on account of an excessive verdict. No such ground appears in the motion. Coca-Cola Co. v. Barksdale, 17 Ala. App. 606, 88 So. 36.

There is no prejudicial error and the judgment is affirmed.

Affirmed.

### On Rehearing.

Original opinion withdrawn; opinion substituted; rehearing granted; judgment affirmed.