BLOUNT *v.* HOUSTON COCA COLA BOTTLING Co. *et al.*

(Division B.   Jan. 2, 1939.)

[185 So. 241.   No. 33475.]

Patterson & Patterson, of Calhoun City, and Creekmore, Creekmore & Capers, of Jackson, for appellant.

Thomas **J. Tubb**, of West Point, for appellees.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from the action of the circuit court of Calhoun County in granting a peremptory instruction in favor of appellees, Houston Coca Cola Bottling Company, as the manufacturer, and J. D. Lipham, as the retailer, of a bottle of Coca Cola sold to appellant, and the contents of which caused him to become violently sick after drinking a portion thereof, according to the undisputed testimony.

When the bottle was removed from the ice box and uncapped by the retailer, and some of the Coca Cola had been drunk by appellant, it was discovered that there was a yellowish substance, together with a part of a mouse or bird, in the bottom of the bottle. This fact was testified to by appellant and his son, and was admitted by the retailer Lipham. From the filling station where the drink had been purchased the appellant went almost immediately to a local physician, in a car driven by his son, which he remained for a few hours under treatment; and it was also shown that he continued thereafter to suffer the ill effects of the experience he had undergone.

The Coca Cola bottle with its remaining contents was sent by the local physician to the State Chemical Labora-

tory, at Starkville, for analysis. The chemist who made the analysis reported his findings to the State Chemist, Dr. W. F. Hand, and corroborated the testimony of the appellant and the other witnesses as to what the bottle contained. Dr. Hand certified that such report had been made to him by the analytical chemist, and this certificate was offered in evidence, but upon objection in the court below was excluded, and properly so, as being hearsay evidence.

The peremptory instruction in favor of the retailer was correct, since the suit as to both the manufacturer and retailer was predicated on alleged negligence, and not on an implied warranty as to the wholesomeness of the beverage, and there were no facts shown that would constitute negligence on the part of the retailer, or from which negligence could be inferred. Appellee Coca Cola Bottling Company contends that this was likewise true in regard to its alleged liability. We do not think so. It is true that the plaintiff, suing alone in tort, was required to prove negligence, but this does not mean that a witness or witnesses must be produced to say that the Coca Cola plant was being negligently operated at the time the foreign or deleterious substance was bottled up in the drink before it was capped and sold to the retailer. It was a question for the jury as to whether negligence might reasonably be inferred from the facts disclosed. The doctrine of res ipsa loquitur applies in such a case. Pillars v. R. J. Reynolds Tobacco Company et al., 117 Miss. 490, 78 So. 365; Try-Me Beverage Company v. Harris, 217 Ala. 302, 116 So. 147; Rost v. Kee & Chapell Dairy Company, 216 Ill. App. 497; Whistle Bottling Company v. Searson, 207 Ala. 387, 92 So. 657; Boyd v. Coca Cola Bottling Works, 132 Tenn. 23, 177 S. W. 80; Bradfield v. Atlanta Coca-Cola Bottling Company, 24 Ga. App. 657, 101 S. E. 776; Watson v. Augusta Brewing Company, 124 Ga. 121, 52 S. E. 152, 1 L. R. A. (N. S.), 1178, 110 Am. St. Rep. 157; Coca-Cola Bottling Company v. Barksdale,

17 Ala. App. 606, 88 So. 36; Crigger v. Coca-Cola Bottling Company, 132 Tenn. 545, 179 S. W. 155, L. R. A. 1916B, 877, Ann. Cas. 1917B, 572; Bellingrath v. Anderson, 203 Ala. 62, 82 So. 22; Rudolph v. Coca-Cola Bottling Company, 132 A. 508, 4 N. J. Misc. 318. Even if the foreign substance got into the bottle by unavoidable accident it was for the jury to say whether a reasonable and proper inspection at the plant would have disclosed its presence. Crigger v. Coca-Cola Bottling Company, supra, and Jackson Coca Cola Bottling Company v. Chapman, 106 Miss. 864, 64 So. 791.

Under the rule announced in the foregoing decisions the granting of the peremptory instruction in favor of the bottling company was error.

Reversed and remanded.