STEVENS *v.* PICAYUNE COCA-COLA BOTTLING COMPANY.

No. 39708 September 26, 1955 82 So. 2d 453

*Morse & Morse,* Poplarville, for appellant.

*M. M. Roberts,* Hattiesburg; *Tate Thigpen,* Picayune; *H. H. Parker,* Poplarville, for appellee.

Lee, J.

Mrs. James Stevens brought suit against the Picayune Coca-Cola Bottling Company to recover damages on account of an illness which she claimed to have sustained because of drinking a part of the contents of a bottle of Coca-Cola, which contained a decomposed bug or insect. The jury returned a verdict for the defendant; and from the judgment entered thereon, she appealed.

 Mrs. Stevens, according to her evidence, deposited a nickel in a vending machine at the Pearl River County Hospital, and obtained a Coca-Cola. It was somewhat dark in the hall, and she did not notice the bottle

at the time, but realized that something was wrong as she felt sick immediately after drinking a portion of the contents. She did not tell anyone at the hospital at the time, and no one corroborated her story. She walked across the street to the office of Dr. Leo Stewart and was nauseated and vomiting at the time. The doctor was of the opinion that her condition was caused from drinking a part of the contents of the bottle with a foreign substance in it. The bottle, with the residue therein, was offered in evidence. The proof which related to the defendant as the manufacturer and bottler of the drink was sufficient to go to the jury on that phase of the case.

W. A. Thompson, an officer of the defendant company, testified in detail as to the manner of manufacturing and bottling the drinks. Suffice it to say, his evidence, if believed by the jury, was sufficient to raise a serious doubt as to whether the drink in question was bottled in the defendant's plant and delivered to the vending machine in the same condition in which Mrs. Stevens testified that she subsequently found it.

The appellant contends here that the court should have granted her requested peremptory instruction.

Now the plaintiff's evidence made out a case to go to the jury under the doctrine of res ipsa loquitur. Blount v. Houston Coca-Cola Co., 184 Miss. 69, 185 So. 241; Coca-Cola Bottling Works, Inc. v. Petty, 190 Miss. 631, 200 So. 128. But such evidence was not sufficient to warrant the peremptory in view of the fact that the evidence of W. A. Thompson, if believed, was sufficient to justify the jury in finding that the drink, at the time it was purchased by the plaintiff, was not in the same condition as when it was bottled and delivered by the defendant; and that the plaintiff had not proved her case by a preponderance of the evidence.

Consequently whether or not the decomposed bug or insect was in the bottle when it left the appellee's plant and was delivered to the vending machine was a ques-

tion for the jury, and there was no error in refusing the requested peremptory. Laurel Coca-Cola Bottling Co. v. Hankins, (Miss.) 75 So. 2d 731.

No error appears in the record and the cause is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.