*Roberds, P. J.,* and *Hall, Lee,* and *Ethridge, JJ.,* concur.

LEE *v.* COCA-COLA BOTTLING WORKS OF GREENWOOD, INC.

No. 41056          March 9, 1959          109 So. 2d 555

*J. W. Kellum,* Sumner, for appellant.

*Breland & Whitten,* Sumner; *Lott & Sanders,* Greenwood, for appellee.

KYLE, J.

The appellant, Henry Lee, filed suit in the Circuit Court of the Second Judicial District of Tallahatchie County against the appellee, Coca-Cola Bottling Works

of Greenwood, Incorporated, to recover damages alleged to have been sustained by the appellant, as the result of the breach of an implied warranty of the fitness of a bottle of Coca-Cola alleged to have been bottled by the appellee and sold to a retail dealer in the town of Sumner who in turn sold the same to the appellant. The appellant alleged in his declaration that the beverage was sold by the appellee upon the implied warranty that it was wholesome and fit for human consumption; that the bottle of beverage contained particles of glass, and the appellant after drinking the same became nauseated, and was sick and unable to sleep well the next few days.

The case was submitted to a jury, and the jury returned a verdict for the appellee. The appellant filed a motion for a new trial which was overruled, and judgment was entered in favor of appellee. From that judgment the appellant has prosecuted this appeal.

Two points are argued by appellant's attorneys as grounds for reversal of the judgment of the lower court: (1) That the court erred in refusing to grant the appellant's request for a peremptory instruction; and (2) that the court erred in granting certain instructions requested by the appellee.

The evidence offered on behalf of the respective parties was substantially as follows:

The appellant testified that he purchased a carton of ''cokes,'' which had been bottled by the appellee corporation, from Down's Grocery Store at Sumner; that his wife at supper time opened one of the bottles and poured about two-thirds of the contents in a drinking glass containing ice; that he drank all of the beverage that had been poured into the drinking glass; and that he then noticed some particles of broken glass in the coca-cola that remained in the bottle. The appellant stated that he felt no ill effects at the time he drank the coca-cola, but later than night he became sick at the stomach, and did not sleep well. He passed blood the next morning,

when he went to the bathroom; and he passed blood again the following morning. He then went to see Dr. Lacy Biles, whose office was about one hundred yards away. The doctor told him to take bananas and starch, but did not prescribe any medicine for him. He went back to see Dr. Biles. again a day or two later, but suffered no further ill effects. Appellant's wife corroborated his testimony as to the particles of glass being in the bottle. It does not appear from the testimony of either witness how long the bottle had been opened before its contents were poured into the glass with the ice, or where the bottle was between the time it was opened and the time that its contents were poured into the glass. Dr. Biles did not testify, and there was no testimony by any other witness that the appellant's being sick at the stomach was in any way attributable to the swallowing of glass or any other harmful substance.

Harrison Curtis, the appellee's President and General Manager, testified at length as to the manner of manufacturing and bottling the drinks at the appellee's plant, giving minute details as to the bottling processes and the precautions taken to insure the purity of the beverages offered for sale—precautions which, in his words "made it physically impossible" for particles of glass to have been bottled with the beverage involved in this case.

We think there was no error in the action of the trial judge in refusing to grant the peremptory instruction requested by the appellant.

As stated by the court in Stevens vs. Picayune Coca-Cola Bottling Co. (Miss. 1955) 82 So. 2nd, 453, the evidence offered on behalf of the appellant was sufficient to make out a case to go to the jury under the doctrine of res ipsa loquitur; but the evidence was not sufficient to warrant the giving of a peremptory instruction in favor of the appellant. The testimony of Harrison Curtis, if believed, was sufficient to justify the jury in finding

that the drink, at the time it was purchased by the appellant, was not in the same condition as it was in at the time it was bottled and delivered by the appellee; and the question as to whether or not particles of broken glass were in the bottle when it left appellee's plant and was delivered to the retail dealer at Sumner was a question for the jury to decide.

We find no reversible error in the instructions. The judgment of the lower court is therefore affirmed.

Affirmed.

*Roberds, P. J., Hall, Lee* and *Holmes, JJ.,* concur.