MARTIN, et al. *v.* WARE, et al.

No. 42360 June 4, 1962 142 So. 2d 16

*A. K. Edwards,* Mendenhall, for appellant.

*Walker* & *Sullivan,* Mendenhall, for appellees.

McGEHEE, C. J.

The appellants, R. R. Martin, James M. Martin, and Rupert F. Martin, the latter two being the sons of R. R. Martin, were the owners as tenants in common of the west half of the northwest quarter of the southwest

quarter of Section 1, Township 2 North, Range 4 East, and the appellees, Mrs. Annie R. Ware and her son, Fred Ware, were each the owners of an interest in the northeast quarter of the southeast quarter of Section 2, Township 2 North, Range 4 East, all in Simpson County, Mississippi. All of said land is timbered land and none of the same has been in a state of cultivation. There were no old fences to mark the location of the land line between these two governmental subdivisions. This suit, wherein the appellants alleged that they were entitled to have a survey made of the line between the two tracts of land, was filed in June 1960. The complainants did not rely on adverse possession of the twenty acres which they claimed but they recognized in their bill of complaint that the line between their tract of land and the northeast quarter of the southeast quarter of Section 2, Township 2 North, Range 4 East, in which Mrs. Annie R. Ware owned a life interest in the timber, and the title to which tract of land was vested in her son, Fred Ware, with the exception of the oil, gas and other minerals thereon, should be surveyed and located according to the field notes of the original governmental survey of the United States Government, and hence they petitioned for the appointment of a surveyor to establish the true governmental corner common to Sections 1 and 2 and 11 and 12 of the said section, township and range, and alleged that the same should be recognized and treated as the true line between the two parcels of land.

During the latter part of 1951 or the early part of 1952, less than ten years prior to the filing of the said bill of complaint, the appellants, R. R. Martin and his sons, who are the other two appellants, took possession of the west half of the northwest quarter of the southwest quarter of Section 1, Township 2 North, Range 4 East by clearing a fire lane northward from what they claimed to be the governmental corner common to the

said Sections 1 and 2 and 11 and 12 of the said section, township and range. Thereafter on January 30, 1960, the location of the said line on which the fire lane was cleared became a matter of dispute between the respective claimants of the land. The complainants, who are the appellants, claimed that the corner had been established by a survey made by Mr. Harry T. Bishop, the county surveyor, and as a result of the dispute the appellants, R. R. Martin and his two sons, selected Mr. Bishop as their surveyor to run the line again and the appellees selected a Mr. Henry T. Jones of Hattiesburg as their surveyor. Mr. Jones claimed in effect that the Martins agreed for him to begin his survey at the governmental corner theretofore established by Mr. Bishop, and to run his survey due north therefrom and that they would be bound by such survey. But this contention was disputed by each of the appellants and finally Mr. Jones stated that they made no objection to the survey that he was making but he conceded that they did not definitely agree to be bound by his survey, and admitted, in effect, that they had no definite agreement in that behalf one way or the other, and that the appellees constructed a three-strand barbed wire fence along the fire lane which had been cleared at the instance of the appellants. The appellants claim that the line run by appellees' surveyor takes eleven and one-half acres of appellants' land. Finally on the 25th day of July 1960, the chancellor granted the prayer of the petition of the appellants for the appointment of another surveyor to survey the line, and the cause was continued until the next term of court pending the making of the survey by the surveyor appointed and his furnishing to each of the attorneys a copy of the plat and survey which was to be made.

The decree of the chancellor found that the appellants who were the complainants in the case ''are entitled to a survey establishing the true boundary line between

the west half of the northwest quarter of the southwest quarter of Section 1, Township 2 North, Range 4 East and the northeast quarter of the southeast quarter of Section 2, Township 2 North, Range 4 East in Simpson County, Mississippi;'' and the decree expressly provided that ''said survey shall begin at an established government corner according to the field notes of the original survey of the United States Government''. The decree appointed Horace B. Lester of Jackson, Mississippi, to make the survey and to furnish each of the attorneys for the respective parties a copy of the plat of said survey thirty days prior to the next term of the court.

 █ At the next term of the court the plat of the survey was offered in evidence as an exhibit to the testimony of Mr. Lester. Thereupon the attorney for the appellants made the following objection: ''By Mr. Edwards (attorney for the appellants). I am going to object to this unless he (the witness) can show that he made the survey himself personally — that he made the survey himself.'' This objection was overruled and then the following objection was made to the introduction of the plat of the survey as follows: ''And we made the same objection to the plat unless the plat was made by him.'' This objection was overruled. Thereafter the witness was permitted to testify: ''This plat was drawn by a man named Lewis Nobles who is a draftsman and engineer employed in my office under the direction and supervision of both myself and Mr. Joe Lee Johnson, who is the head man in the design section. * * *

''Q. Did you go out on the ground when the survey was being made?

''A. No, sir.

''Q. You have been testifying about monuments here at corners you did not see?

''A. Yes, sir.''

An objection was made to this testimony and was over-ruled.

It appears that none of the employees of the surveyor Horace B. Lester were present at court to testify as to how and where they located the government corner according to the original field notes, but it appeared that the testimony of Mr. Lester was based upon what his employees in his office at Jackson had told him about what they found on the ground in making the survey, and where the same was located. See Blount v. Houston Coca-Cola Bottling Co., 184 Miss. 69, 185 So. 241.

It is ordinarily true that a witness may testify as to the correctness of a record, or an entry on an account where the record and the entries have been made under the supervision and direction of the witness, and it was in an effort to apply this rule, doubtless, that the objection was not sustained, but in this case where the surveyor was appointed by decree of the court to establish the governmental corner from the original field notes of the United States Government and admitted that he had never been on the land at all, he was not competent to testify as to what was found on the ground. He did not personally locate or establish a government corner. He ran no line, made no measurements, and saw no monuments or markers of any kind on the ground where he undertook to testify that the line was located, and, in view of the fact that this testimony was all objected to as soon as the appellants ascertained that the witness had never been on the lands at all, we think that the objection to his testimony should have been sustained. And since the decree of the court was predicted upon this last survey and the testimony of Mr. Lester the cause must be reversed and remanded for a new survey to be made or for Mr. Lester to complete his survey by honoring the established government corner according to the original field notes of the United

States Government, the survey to be made according to location of the line as it actually exists on the ground as may be disclosed by such survey.

Reversed and remanded.

*Kyle, Arrington, Ethridge,* and *Gillespie, JJ.,* concur.