This suit was instituted by John Meyers for and on behalf of his minor daughter, Margaret Aline Meyers, against the defendant, to recover the sum of $1,500 as damages for alleged injuries sustained by his minor daughter resulting from an explosion of one of defendant's coca-cola bottles.
The facts in connection with the accident are substantially as follows: The minor daughter was employed as a waitress at Fontenot's Cafe at Oakdale. On the night of December 31, 1940, at about nine o'clock, she and another waitress went to the store room wherein cases of coca-cola were stored, picked up and carried a full case to the ice box wherein the bottles were kept, in order to replenish the supply in the ice box. Miss Meyers then proceeded to remove the bottles, one by one, from the case and put the bottles in the dry cold ice box; after having placed quite a few in the box, and in putting this particular bottle in the box and while it was still in her hand, and before it had reached its resting place in the box, it exploded. The breaking of the bottle cut the second or middle finger of her right hand rather severely, necessitating the services of a doctor.
The plaintiff invokes the doctrine of res ipsa loquitur, alleging that she is unable to allege any specific act of negligence on the part of defendant, and that defendant is in a better position to know the cause of the explosion than she is. In the alternative, she alleges that the explosion was caused by the negligent and careless manner the contents of the said bottle were made up and the negligent and careless manner in which the fluid part in the bottle was placed therein and the bottle capped or closed so as to retain the said fluid in the following particulars: (a) That the contents of the bottle were excessively charged with carbonic acid gas; (b) that the defendant knowingly excessively charged the fluid contents or with such great quantity of carbonic acid gas as to make the bottle likely to explode in being *Page 738 
moved or in placing it in the ice box, causing a sudden lowering of the temperature; (c) that defendant had knowledge of previous explosions caused by its negligence and carelessness in the manufacturing and bottling of its products.
She further alleged that the bottle had not been handled or tampered with by any one other than the employees of the defendant; and that the bottle had been taken from the case in which it had been delivered by an employee of the defendant for the purpose of placing it in the ice box to cool.
Defendant, in answer, made a general denial of every essential allegation of plaintiff's petition, admitting only that it was a manufacturer and dispenser of coca-cola to the Fontenot Cafe at Oakdale. In further answer, it averred that it purchased standard bottles manufactured by a standard, responsible bottling company, such bottles being of the best grade; that it exercised every reasonable precaution by the use of the latest machinery, inspection of the product and by the employment of competent workmen.
The trial resulted in a judgment for plaintiff in the sum of $350. Defendant appealed. Plaintiff has answered the appeal, praying that the amount awarded be increased to $750, and that the fee of Dr. F.W. Heath, an expert witness for plaintiff, be fixed at $25, to be taxed as costs.
The facts as detailed in the second paragraph of this opinion are not only sufficiently proven by the plaintiff, but the defendant made no serious attempt to disprove them.
There is a slight conflict in the evidence as to how long the case of coca-cola had been in the store room before it was taken by the young ladies therefrom to the ice box to be placed therein. In Miss Meyers' testimony, corroborated by that of the other waitress, it appears that this case of coca-cola was delivered to the Cafe and placed in the store room by one of defendant's employees on the afternoon of the day of the accident. In a statement given by the injured girl some two or three months after the accident, she stated that the case had been delivered and placed in the store room since two days prior to the accident. However, this slight conflict is immaterial in that the evidence clearly shows that this case of coca-cola was delivered from defendant's truck and placed in the store room by one of defendant's employees. Neither the case nor its contents was moved or handled after it was so placed until Miss Meyers took the case to the ice box for the purpose of placing the bottles in the box to be cooled.
The defendant has made some effort to show that the case containing the bottles of coca-cola was placed in or near the kitchen and that it was subjected to a high temperature. The evidence shows that the store room was located in a section of the building in which was then being conducted a saloon or barroom, and not in the kitchen and that it was not subjected to any higher temperature than commonly prevailed in the gas heated restaurant and barroom. The accident occurred the last day of December. There is no evidence showing that it was an extremely cold day; it is not reasonable to presume that the temperature in the building was as high as it would ordinarily be in the summer time, nor is it shown that the building was heated to any extent. It therefore has not been proved that the bottle was exposed to extreme heat. Moreover, there is nothing to show that a bottle will explode if taken from a normal temperature and put in an ice box. If such were the case, the bottling company should certainly take some steps to warn their customers and users of their products of this danger, or else provide some protection in the bottling process to eliminate this danger. If the bottles have to be gradually cooled, the customer or user is entitled to have some warning of that fact.
As the explosion of the bottle happened while the young girl was in the act of placing it in the ice box and without the striking of the bottle against any object, it stands to reason that the only cause of the explosion was that the contents of the bottle were too highly charged with carbonated gas or that there were some defects in the tensile strength of the bottle, or both. Under the facts as shown in this case, the doctrine of res ipsa loquitur applies, and defendant company is called upon to show that it is free of any negligence and/or carelessness in the manner of the preparation of the contents, the charging and the choosing of the bottle.
The defendant offered the testimony of its manager and its bottler, who testified in detail as to the machinery used and the method employed in the preparation and the bottling of its product, coca-cola. This testimony is along the same line as that *Page 739 
given in other suits of this kind, this being our fourth case; that is, that the company has modern machinery and purchased the bottles from a reliable concern; that the bottles used are supposed to bear a pressure of much more than is necessary when usually charged and filled with coca-cola.
The manager stated that the bottles are inspected twice before they are filled and once after they are filled to determine any defect in the container, or bottle, or any foreign matter that might possibly have been in the bottle. If a bottle is found to be defective in either of the two first inspections and prior to its being filled, it is thrown aside and not used and at the end of the day such bottles are destroyed or broken. This indicates that defects are sometimes found in the bottles. It is reasonable to visualize how a defect in a bottle could escape the notice of the inspector. After the bottles are filled, they are again inspected for defects in the bottle, but principally to ascertain if there are any foreign substances in the contents.
The defendant's bottler testified that the gas pressure is tested every hour or so to see that the volume of gas is not excessive; that if the volume of gas becomes too great, then the regulator is adjusted and reset; that occasionally a bottle explodes while in the process of being filled or immediately thereafter. He did not testify or seek to explain the cause of these explosions. As a bottle will not explode unless there are defects in the bottle or unless it has been improperly filled and charged, it stands to reason that there was negligence in not perceiving the defects in the bottle or in the bottling process.
The Supreme Court recently has had under consideration a case, Ortego v. Nehi Bottling Works, 199 La. 599, 6 So.2d 677, almost identical in facts to the present case. In that case, the Supreme Court held that the doctrine of res ipsa loquitur applied and approved and followed our holding in the cases of Auzenne v. Gulf Public Service Co., 181 So. 54, Id., 188 So. 512, and Lanza v. De Ridder Coca-Cola Bottling Co., 3 So.2d 217, and held the defendant liable. Following that decision, we are satisfied of defendant's liability in the present case.
Under the facts of the present case, we are of the opinion that the proximate cause of the explosion which resulted in the injury complained of was some fault on the part of the employees of the defendant in the preparation or handling of the product, and that the defendant is liable therefor.
The defendant, in this court, in the alternative, in the event we find liability, contends that the award is excessive and should not exceed $100. As previously stated, plaintiff prays for an increase to $750.
The young lady, a girl of sixteen years of age, sustained a cut on the middle finger of her right hand almost an inch long, which cut penetrated to the bone, necessitating medical attention. The wound became slightly infected, and was some two months in healing. She could not work for two or three months. The wound caused a scar to remain on her finger and caused stiffness in her finger, impairing its usefulness to some extent. She suffered considerable pain on account of the injury. The trial judge awarded her $350 for all damages. We see no valid reasons to disturb the award.
As to the demand of plaintiff to fix the fee of Dr. Heath as an expert, this is a matter which the trial judge should be given the opportunity to do. The trial court is in a better position to determine the value of the expert fees than an appellate court, and it can be decided on a rule to tax such fees as costs. See Hall v. Mengel Co., La.App., 191 So. 759, and the cases therein cited.
For the reasons assigned, the judgment appealed from is affirmed at the cost of appellant.
LeBLANC and OTT, JJ., concur.