880

## Coast Coca-Cola Bottling Co. *v.* Bryant.

No. 41185          June 1, 1959          112 So. 2d 538

*Wallace & Greaves*, Gulfport, for appellant.

*Morse & Morse,* Gulfport, for appellee.

HALL, J.

This suit was brought by the appellee against the appellant for the recovery of damages because of a roach in a bottle of Coca-Cola manufactured by appellant and from a judgment in her favor the bottling company appeals.

Under the evidence there is no question that the Coca-Cola in question was manufactured or bottled by the appellant. The appellee purchased the same from a Coca-Cola vending machine at Gulfport Laundry where she was employed as a seamstress, and at about 9:30 o'clock in the morning she and other seamstresses, at the time for a coffee break, purchased Coca-Colas from this vending machine. The appellant had delivered the same to the Gulfport Laundry and it was placed in a room about fifty feet from the vending machine and the machine was filled by an employee at the laundry and not by the appellant or any of its employees. After partaking of the beverage the appellee became nauseated and vomited. She was carried to a doctor's office by someone at the laundry and was then carried back to the laundry but she remained ill and finally called a taxicab to carry her home. On the way home she had to stop and vomit three or four different times and according to the testimony she continued to be ill and nauseated for a considerable period of time.

The appellant introduced its sales manager who, by the use of a chart, explained the process of bottling and

the process of inspections which were employed in the appellant's plant, but there was no direct testimony that the bottle in question was ever inspected.

The appellant divides its argument into three points. One is that no negligence was proved and that a directed verdict should have been given. The second is that the doctrine of res ipsa loquitur has no application to the instant case. We will discuss these two points together. The appellant relies heavily on the case of Jordan v. Coca-Cola Bottling Company of Utah, 218 P. 2d 660. In that case the Supreme Court of Utah held that where persons other than employees of the bottling company had access to the beverage, the burden was on the plaintiff to produce evidence of negligence on the part of the defendant and in this connection that the plaintiff must show that no third person had the opportunity for tampering with the bottle. The appellant also cites cases to the same effect from Tennessee, Louisiana, North Carolina and Illinois.

The theory upon which the appellant relies has never been adopted by this Court. One of the recent cases is Laurel Coca-Cola Bottling Co. v. Hankins, 222 Miss. 297, 75 So. 2d 731. In that case this Court said: "It was conclusive that the defendant bottled the Coca-Cola, and there was no proof that it was tampered with between the time of bottling and drinking." This Court in effect held that the burden was on the defendant to prove that the drink had been tampered with. In the Hankins case the bottle in question was carried to State College for analysis and the Court said: "Prof. S. J. Few, a chemist at the college, analyzed the remaining contents in the bottle. He made known his findings to Dr. M. P. Etheredge, his superior, who called Dr. Coursey (plaintiff's physician) over the telephone that same evening. However, the substance of that report is not in the record, although several days later, on April 9,

1952, he wrote a letter to Mr. Hankins about the analysis as follows: '* * *'

"Prof. Few testified concerning his analysis. He said that coca cola contains phosphoric acid, and that acid iron earth water contains ferrous sulphate, and that when these two substances are combined, they form iron phosphate and leave a quantity of sulphuric acid. * * *.

"The defense was twofold: (1) Defendant's method of bottling was so efficient that it was impossible for acid iron earth water to get into the bottle, and (2) the plaintiff was passing through the menopause; she was troubled with nausea prior to drinking the coca cola; and her injury was greatly exaggerated.

"The defendant went into great detail in explaining its method of manufacture and bottling, showing that it used the common and accepted process employed by coca cola manufacturers all over the country. The bottles were rinsed and washed many times, both inside and outside. Water, containing cleansing substances, was forced into the bottles through spigots, at high temperature and under pressure. In addition revolving brushes were used. It is sufficient to say that, under the proof, the defendant employed a very efficient process of bottling.

"Because of the efficient and complete process of manufacture and bottling, the appellant argues with great zeal that its requested peremptory instruction should have been given.

"No legal principle is better settled in this State than that ' "When a manufacturer makes, bottles, and sells to the retail trade, to be again sold to the general public, a beverage represented to be refreshing and harmless, he is under a legal duty to see to it that in the process of bottling no foreign substance shall be mixed with the beverage * * *" ' " This Court then cited numerous cases involving injury from the consumption of bottled beverages and said: " 'If this animal matter was in this bottle, the jury, under the maxim res ipsa loquitur,

were warranted in believing that it got into the bottle through the negligence of the appellant's employees.'

"Whether or not the foreign substance was in the bottle when it left the appellant's plant and was delivered to the Middleton Store was a question for the jury, and there was no error in refusing the peremptory."

In the case of Coca-Cola Bottling Works Inc. of Columbus v. Petty, 190 Miss. 631, 200 So. 128, this Court said after discussing the proof as to the method of manufacture, etc.: "All this evidence discloses is that the animal matter would not have been in the bottle had the appellant's employees exercised due care in operating the bottling machine, and in inspecting the bottles after the coca cola was placed in them. If this animal matter was in this bottle, the jury, under the maxim res ipsa loquitur, were warranted in believing that it got into the bottle through the negligence of the appellant's employees."

In the case of Jackson Coca-Cola Bottling Co. v. Chapman, 106 Miss. 864, 64 So. 791, where there was a decomposed mouse found in a bottle of Coca-Cola, this Court quoted with approval from a Georgia case as follows: " 'When a manufacturer makes, bottles and sells to the retail trade to be again sold to the general public as beverage represented to be refreshing and harmless, he is under a legal duty to see to it that in the process of bottling no foreign substance shall be mixed with the beverage, which, if taken into the human stomach will be injurious.' In that case it is further held that this duty the bottler owes to the general public for whom his drinks are intended as well as to the retailer to whom he sells." It is interesting to note from the Mississippi Reports that the bottler in that case raised the same defense which is raised by the appellant in this case, but the Court did not even discuss the point, evidently because the law of Mississippi is so well-settled contrary to appellant's contention.

██ The verdict in this case was for the sum of $1,-100, and the appellant contends that the verdict is excessive. We do not think so and certainly it is not so large as to shock the conscience.

For the reasons given the verdict appealed from must be and the same is hereby affirmed.

Affirmed.

*Roberds, P. J.,* and *Holmes, Ethridge,* and *Gillespie, JJ.,* concur.