JOHNSON *v.* COCA-COLA BOTTLING Co., INC.

No. 41609          December 19, 1960          125 So. 2d 537

*Alexander, Feduccia & Alexander,* Cleveland, for appellant.

*Farish, Keady & Campbell,* Greenville, for appellee.

McGEHEE, C. J.

By agreement and stipulation of the parties this case was tried before the Honorable E. H. Green, Circuit Judge, on December 10, 1959, without a jury. The plaintiff relied upon the maxim *res ipsa loquitur* for her cause of action. At the conclusion of all of the testimony on behalf of the plaintiff, which fully disclosed that neither she nor anyone else had been guilty of any negligence in regard to the handling of the bottle of Coca-Cola which exploded and injured her, at any time between its delivery by the appellee to the restaurant where she worked and the time it exploded and injured her eye, the defendant's motion for a peremptory instruction was sustained. The Court heard all of the testimony offered on behalf of both the plaintiff and defendant before making his ruling, but then stated that he was sustaining the motion of the defendant made at the conclusion of the plaintiff's testimony to exclude the evidence and direct a verdict in favor of the defendant. Some of the

763

witnesses had been introduced out of order by agreement. The ruling recites that it was made as on the motion to exclude made by the defendant at the conclusion of the testimony offered by the plaintiff.

Few subjects are more interesting, and probably none have been the object of greater controversy than the question of *res ipsa loquitur,* in the realm of our jurisprudence and in that of the various courts, both federal and state, throughout the nation.

In the instant case the appellant Ethel Mae Johnson, a 23 year old colored girl, was a cook and waitress in a restaurant and club house on Lake Beulah in Bolivar County, Mississippi, when on December 27, 1958, she was carrying from a Coca-Cola case to the beverage cooler or icebox in her hand a bottle filled with Coca-Cola, and which bottle exploded and the jagged glass of the top end thereof struck her in the left eye and inflicted a severe injury by cutting across the cornea of said eye.

The case of Coca-Cola from which the bottle in question was taken was the case next to the top of a stack of five cases of Coca-Cola which had been delivered to the restaurant and club house on December 18, 1958, by the servants and employees of the appellee Coca-Cola Bottling Company of Cleveland, Mississippi. The plaintiff and another colored girl had previously removed from the stack of 5 cases of Coca-Cola in the restaurant the top case and had deposited the bottles of Coca-Cola into the icebox immediately before placing the second case on top of some cases containing empty Coca-Cola bottles, and from which second case the bottle of Coca-Cola was taken which exploded.

Mr. Dorff and his wife operated the restaurant and club house, and they slept there during the nighttime. Only they and the plaintiff and her co-worker had occasion to handle the stack of 5 Coca-Cola cases from the date of their delivery to the restaurant on December 18, 1958, until the date of the explosion of the bottle of

Coca-Cola in question on December 27, 1958, and neither of them handled them except with due care. They all testified that the case of Coca-Colas from which the bottle in question was removed, had remained in the stack and unmolested from the time of their delivery to the moment of the explosion, except that the plaintiff and her co-worker had removed the first and second case of Coca-Colas to near the icebox immediately before the plaintiff undertook to remove this bottle from the second case and place the same in the icebox when it exploded. There was proof, of course, that customers were in and out of the restaurant during the intervening 9 days, but the undisputed testimony of Mr. and Mrs. Dorff and of the plaintiff and her co-worker was to the effect that no one else had had occasion to handle this bottle or the case of Coca-Colas from which it was taken during the said interval of 9 days. There was proof that there was a telephone in the restaurant that was sometimes used by customers but that this telephone was at least 6 feet away from the stack of Coca-Colas, and that at no time was the case of Coca-Colas or the bottle in question, struck against any other object nor did any other object strike this case of Coca-Colas or the bottle which exploded and injured the plaintiff. It is controverted that the bottle of Coca-Cola in question was bottled by the appellee company at its plant at Cleveland, Mississippi, and delivered to the restaurant and club house where the plaintiff was employed as a cook and waitress.

The testimony is that the plaintiff and her co-worker, Cassie Whiteside, had lifted the case of Coca-Colas from the stack and had handled each carefully in carrying them to the icebox before the plaintiff removed the bottle in question from the case for the purpose of putting the same in the icebox, when it exploded and injured her.

The proof on behalf of the plaintiff was to the effect that the cookstove was on the north end of the restaurant and that the temperature in the restaurant was

from 65 to 70 degrees both day and night; and that the stack of Coca-Colas was on the south side, and that they had not been moved by anyone from where the appellee's employees stacked them. In other words, neither Mr. or Mrs. Dorff nor any of their employees or customers were guilty of any act of negligence that could have contributed to the explosion of the bottle of Coca-Cola in question.

Moreover, some of the witnesses for the plaintiff testified that two or more Coca-Colas had exploded in a case while the same was stacked on the floor of the restaurant about two weeks before the incident in question, and without any fault on the part of the owners of the restaurant, their employees, or of any customer. They were also purchased from the appellee.

While specific acts of negligence were alleged in the plaintiff's declaration, she did not at the trial prove or attempt to prove the alleged specific acts of negligence on the part of the manufacturer, but relied upon the doctrine of *res ipsa loquitur,* after proving that no person had been guilty of any act of negligence in the handling of the Coca-Colas between the time they were delivered by the appellee to the restaurant and club house and the time of the explosion of the bottle in question.

One of the best definitions of the doctrine of *res ipsa loquitur* is:

When a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care, then the injury arose from the defenedant's want of care.

It has been repeatedly held that the ''exclusive control'' mentioned in the foregoing definition means that the manufacturer or other defendant sought to be charged with negligence under the doctrine of *res ipsa loquitur,* is only required to have control of the instru-

mentality at the time of the *negligent act* which gives rise to the injury and not necessarily at the time of the accident to the plaintiff. For instance, in cases of falling objects from a building or vehicles running wild and other similar situations, the requirement of exclusive control is satisfied where the defendant is shown to be in such control of the building from which the falling object came, or in control of the vehicle at the time it was negligently allowed to begin running wild, and not at the time a plaintiff was struck thereby. This was expressly so held in the cases of Escola v. Coca-Cola Bottling Co., 24 Cal. 2d 453, 150 P. 2d 436; Fick v. Pilsener Brewing Co., (Ohio) 86 N. E. 2d 616; Riecke v. Anheuser-Busch Brewing Co., 206 Mo. App. 246, 227 S. W. 631; Stolle v. Anheuser-Busch, Inc., 307 Mo. 520, 271 SW 497; Honea v. Coca-Cola Bottling Co., 143 Tex. 272, 183 S. W. 2d 968; Benkendorfer v. Garrett, (Tex. Civ. App.) 143 S. W. 2d 1020; Nichols, et al v. Nold, et al, (Kan.) 258 P. 2d 317; Johnson v. Coca-Cola Bottling Co., (Minn.) 51 N. W. 2d 573; Coca-Cola Bottling Co. v. Hicks, (Ark.), 223 S. W. 2d 762; Lawton Coca-Cola Bottling Co. v. Shaughnessy, (Okla.) 216 P. 2d 579; Ferrell v. Royal Crown Bottling Co., (W. Va.) 109 S. E. 2d 489; Meyers v. Alexandria Coca-Cola Bottling Co., (La.) 8 So. 2d 737, following the cases of Ortego v. Nehi Bottling Works, 199 La. 599, 6 So. 2d 677, Auzenne v. Gulf Public Works Serv. Co., (La.) 181 So. 54, 188 So. 512, and Lanza v. DeRidder Coca-Cola Bottling Co. (La.) 3 So. 2d 217; Bradley v. Conway Springs Bottling Co., (Kan.) 118 P. 2d 601; Joly v. Jones, (Vt.) 55 A. 2d 181; Florence Coca-Cola Bottling Co. v. Sullivan, (Ala.) 65 So. 2d 169; and Groves v. Florida Coca-Cola Bottling Co., (Fla.) 40 So. 2d 128.

In a recent case the Supreme Judicial Court of Massachusetts in Evangelio v. Metropolitan Bottling Co., 158 N. E. 2d 342, held that the explosion of even a single bottle of carbonated beverage is sufficient to permit inference of negligence of the manufacturer, provided it is

shown that the bottle was not improperly handled after the bottler surrendered control of the same. In this case the plaintiff's husband owned and operated a variety store in which he sold Pepsi Cola at retail in bottles. The plaintiff frequently assisted her husband in running the store. An employee of the defendant bottling company delivered two cases of Pepsi Cola at the variety store and deposited them in the rear of the store, one on the top of the other. Sometime later the plaintiff picked from the top case two bottles with her left hand one bottle with her right hand and proceeded toward an icebox approximately 15 feet away. When she reached the icebox she deposited therein the bottles held in her left hand and while in the act of depositing the bottle held in her right hand, it exploded and injured her hand.

The plaintiff in the Evangelio case, as in the case at bar, offered no evidence of a specific negligent act or omission as the cause of her injuries. There, as in the case at bar, the issue was whether an inference of negligence on the part of the defendant could have been drawn from the fact that the bottle exploded, coupled with proof that it was handled properly after it had left the defendant's actual possession. The Massachusetts court stated: ''Numerous possible causes have been discussed in the cases dealing with exploding bottles, among which are (1) defects in the bottle, (2) defects caused by improper handling of the bottles, and (3) excessive carbonation. There are doubtless other cases. Most of the courts which have considered this problem since the time of the Howard decision have permitted the tribunal of facts to draw an inference that the explosion was caused by negligent conduct, leaving it to the defendant to explain why in a given case it was more probable than the explosion was the product of a cause for which the defendant was not responsible. Professor Prosser accurately summarizes the course of decisions: 'The great majority of the courts now hold that the explosion of even

a single bottle is enough to permit a finding negligence.' "

We now come to our own cases, some of which have an analogy to the issue here involved. In Wheeler v. Laurel Bottling Works, 111 Miss. 442, 71 So. 743, decided about 44 years ago, the Court held that the doctrine of *res ipsa loquitur* did not apply where a bottle of Coca-Cola exploded and injured the plaintiff. The opinion of this Court in stating the facts of the case said: "It appears that appellant kept his restaurant open all night, and sometime after 1:00 o'clock in the night he went to the icebox to see about his Coca-Colas, and, on lifting the lid of the box, a bottle of Coca-Cola exploded, projecting a small piece of glass into the right eye. * * * It was the custom of appellant to place 50 pounds of ice in the box and then to stack about 4 dozen bottles of Coca-Cola upon and around the ice."

In those days where the bottles of Coca-Cola were placed on and around a large block of ice in the old-fashioned icebox, the constant melting away of the block of ice could have easily caused the bottles which were on top of the block of ice to fall against those which had been placed around the same, and they could have thereby caused the falling bottle to crack and thereafter explode. The Court in its opinion further stated: "The bottles were piled on and around the large block of ice, and it is possible that when plaintiff raised the lid of the icebox, the slight jar might have caused the bottles on the melting ice to slip or readjust themselves. It may be that the inrush of the warm air of a June night might have caused a rapid expansion of the glass. * * *" The Court indicated in its opinion the probability that the cause of the explosion of the bottle of Coca-Cola was due to the factual situation therein discussed. The decision is predicated primarily on the case of Guinea, et al v. Campbell, 22 Quebec Official Law Reports 257, from which our Court quoted extensively in the Wheeler case. Both the Guinea v. Campbell case

and the case of Wheeler v. Bottling Works, supra, are readily distinguishable on the factual situation involved in each of those cases from the case at bar.

We are of the opinion that the case of Wheeler v. Bottling Works, supra, was correctly decided under its peculiar facts. It is true that the Court stated in the opinion that "the bottle at the time of the injury was not under the control or management of the manufacturer", but this was one among other facts in the case. The opinion does not say that the doctrine of *res ipsa loquitur* did not apply because of the fact, or for the reason, that the bottle at the time of the injury was not under the control or management of the manufacturer. Although such may have been one of the requirements before the doctrine *res ipsa loquitur* would have been applicable at the time the Wheeler case was decided, the trend of the decisions since that time, as shown by the numerous decisions cited in tenth paragraph of this opinion, is to the effect that in order for *res ipsa loquitur* to apply it is only required that the manufacturer, or other defendant against whom the doctrine is invoked, shall have control of the instrumentality at the time of the negligent act which gives rise to the injury and not necessarily at the time of the accident to the plaintiff.

We are of the opinion that the testimony on behalf of the plaintiff in the instant case shows a strong probability that the cause of the plaintiff's injury was some act of negligence on the part of the manufacturer of the bottle of Coca-Cola in question. In fact such proof shows without conflict that it was due to no improper handling of the Coca-Cola after it was delivered by the manufacturer to the restaurant or club house where the plaintiff was employed.

The bottle of Coca-Cola in the instant case was never in a icebox and it was not the only bottle of Coca-Cola that exploded. There were two or three others that exploded which had been purchased from the same

manufacturer two or three weeks prior to the explosion of this one.

Since the decision of ·the Wheeler case in 1916 this Court has decided the case of Blount v. Houston Coca-Cola Bottling Co., 184 Miss. 69, 185 So. 241, decided on January 2, 1939, wherein the Court applied the doctrine of *res ipsa loquitur*, where the plaintiff had become ill because of drinking a Coca-Cola which contained a foreign substance. And again in the case of Laurel Coca-Cola Bottling Co. v. Hankins, 222 Miss. 297, 75 So. 2d 731, decided on November 2, 1954, affirming a $12,000 judgment for injuries to the plaintiff from drinking a bottled beverage containing a foreign substance; and again in the case of Coast Coca-Cola Bottling Co. v. Bryant, 236 Miss. 880, 112 So. 2d 538, this doctrine was applied by this Court; and in the very recent case of Ballenger v. Vicksburg Hardwood Co., (Miss.) 119 So. 2d 778, decided on April 25, 1960, this Court held that where the plaintiff was an invitee on the lumberyard of the appellee, and as an employee of an independent contractor, the doctrine of *res ipsa loquitur* applied where the plaintiff was injured by a stack of lumber that fell on him while delivering logs or lumber to the yard, the Court held that it was a question for the jury to determine whether or not if the lumber had been properly stacked it would have fallen on the plaintiff.

The landmark case in this country is that of Payne v. Rome Coca-Cola Bottling Co., 10 Ga. App. 762, 73 S. E. 1087, decided in 1912, wherein a bottle of Coca-Cola, manufactured and sold by the defendant, exploded and fragments of glass blew into the plaintiff's eye and destroyed the eyesight. The plaintiff alleged that the water in the bottle had been charged with carbonic acid gas, and that the explosion was due to the fact that the bottle was too highly charged with the gas by the defendant. The Court said: ''If the plaintiff can recover at all, he can do so only upon an application of the maxim '*res ipsa loquitur*'. * * * Bottles filled with a harmless

and refreshing beverage do not ordinarily explode. When they do, an inference of negligence somewhere and in somebody may arise. There is no presumption of law, but merely an inference of fact. Negligence is not necessarily to be inferred merely from the act itself; but the tribunal designated by the law to decide the issues of fact may infer negligence from the happening of an event so unusual.'' The Court further said: ''The bottle exploded. Inferentially someone was negligent. It was not Cook, the last vender of the bottle, nor the plaintiff's brother, nor the plaintiff, nor yet Barnett, because they all stand exonerated by direct or circumstantial evidence of their freedom from fault. But the inference of negligence remains and someone is prima facie to blame. By a process of elimination we get back to the manufacturer, who set the dangerous agency in motion, and upon whom the blame ought inferentially to be fastened.

''It is certainly no hardship to require at the manufacturer's hands an explanation of the occurrence, that the jury may whether it, like the other persons who handled the bottle, has been exonerated.

''Somebody is responsible and the inference is that the defendant is the guilty party.''

The doctrine of *res ipsa loquitur* has been applied since that time, and especially in the more recent cases, by the courts of Alabama, Florida, Louisiana and Mississippi, being all of the states covered by the Southern Reporter series, and this has likewise been true in the states of California, Ohio, Massachusetts, Texas, Oklahoma, Arkansas, Kansas, and all the other states in the list of cases hereinbefore enumerated, including the states of New Hampshire, Vermont and Maryland. As was said by the Massachusetts court in the case of Evangelio v. Metropolitan Bottling Co., supra, ''the great majority of the courts now hold that the explosion of even a single bottle is enough to permit a find-

ing of negligence." In that case the Massachusetts court overruled its prior decisions which held to the contrary.

In Prosser on Torts, 2d Ed., at page 203, it is said, among other things, that: "It is only the more recent decisions which have held that the safety record now established justifies the application of *res ipsa loquitur*. There has been much the same history in the law of exploding beverage bottles, and the great majority of the courts now hold that even a single bottle is enough to permit a finding of negligence." And on page 211 of this same text it is stated: "The great majority of American courts regard *res ipsa loquitur* as nothing more than one form of circumstantial evidence. * * * There are cases, however, such as that of the human toe in the plug of chewing tobacco, (Pillars v. R. J. Reynolds Tobacco Co., 117 Miss. 490, 78 So. 365), or the collision of railway trains trying to run on the same track, where the inference of negligence is so clear that no reasonable man could fail to accept it; and in such cases, if the defendant offers no explanation, a verdict should be directed for the plaintiff."

The doctrine of *res ipsa loquitur*, as relied upon in the instant case, was fully discussed by Justice Erle in the famous English case of Scott v. The London & St. Katherine Docks Co., 3 H. & C. 596, 13 W. R. 410, 11 Jur (N.S.) 204, 34 L. J. Ex. 220, and in the case of Gleeson v. Virginia Midland Ry. Co., 140 U. S. 435, 11 Sup. Ct. 859, 35 L. Ed. 458, in an opinion written by Mr. Justice Lamar; but the holding in the Gleeson case was modified in Sweeney v. Erving, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, which made no reference to the English and American cases relied upon by the Court in the Gleeson case.

The fact remains that the trend of the cases in the American courts in recent years under the factual situation existing in the case at bar, is to apply the doctrine of *res ipsa loquitur* where the testimony on be-

half of the plaintiff shows a lack of negligence or undue care in the handling of the product or instrumentality after it has been delivered by the manufacturer to a retailer, and requiring that the manufacturer shall show by a preponderance of the evidence that the accident was not caused by any negligence on the part of such manufacturer.

The only answer made in the brief of the appellee to many of the explosion cases hereinbefore referred to is that in the instant case a period of 9 days elapsed between the time of the delivery of the 5 cases of Coca-Cola by the appellee to the restaurant and the time of the explosion, whereas in most, if not all, of the explosion cases hereinbefore mentioned there was a much shorter time than 9 days elapsed between the delivery of the beverage by the manufacturer and the time of the explosion. But suffice it to say this fact is not mentioned as a factor in any of those cases as being material in the decision of them. In other words, the test has always been whether the plaintiff had shown that there was no negligence in the handling of the beverage by the plaintiff or anyone else subsequent to the delivery thereof by the manufacturer.

We are therefore of the opinion that the trial court was in error in excluding the testimony offered by the plaintiff and directing a verdict in favor of the defendant; that upon the showing made by the plaintiff the burden shifted to the defendant under the doctrine of *res ipsa loquitur* to go forward with the proof and dispel any inference of negligence arising under such doctrine, since the defendant, and the defendant alone, would have been in position to have shown whether the Coca-Cola bottle was defective or whether it had been over-charged with carbonated water in such a manner as to cause the explosion of the bottle and injury to the plaintiff.

From the foregoing views it follows that the cause must be reversed and remanded.

Reversed and remanded.

*Lee, Holmes, Ethridge* and *McElroy, JJ.*, concur.