192 A.2d 910 (1963)
Mary SKIPPER and William A. Skipper, Plaintiffs Below, Appellants,
v.
ROYAL CROWN BOTTLING COMPANY OF WILMINGTON, Inc., a Delaware corporation, Defendant Below, Appellee.
Supreme Court of Delaware.
July 8, 1963.
Victor F. Battaglia, of Theisen & Lank, Wilmington, for appellants.
John M. Bader, of Bader & Biggs, Wilmington, for appellee.
TERRY, C. J., and WOLCOTT and CAREY, JJ., sitting.
*911 WOLCOTT, Justice.
This is an appeal from a summary judgment for the defendant. The action is one for personal injuries. While the complaint set forth specific acts of negligence charged to the defendant, the case is before us solely on the question of whether or not the doctrine of res ipsa loquitur is applicable to the facts taken in the light most favorable to the plaintiffs. We state the facts.
The plaintiffs are husband and wife. They operate a small grocery store partly on a self-service basis. Their store is an integral part of their home. From the store plaintiffs sell groceries and meats and, in addition, several brands of bottled soda water.
For a number of years plaintiffs have purchased from defendant and resold to their customers bottled Royal Crown Cola. This bottled product is delivered by defendant's driver-salesman to the plaintiffs' store once a week, ordinarily on Wednesdays. There is some confusion in the record as to whether or not the delivery in the week in question was on Wednesday or Thursday. However, since delivery on Thursday is the most favorable factual inference to the plaintiffs, we accept that day as the delivery time.
Deliveries of R-C Cola to the plaintiffs' store were made in the following manner. Defendant's driver would enter the store and proceed to the basement, removing the empty bottles accumulated through the preceding week. He would then be told by plaintiffs how many new cases they required. This order would then be filled from his truck.
Defendant had supplied for plaintiffs' use the metal stands which stood on an aisle of the store. These stands were largely for display purposes. R-C Cola is packed by the defendant in cardboard cartons containing six bottles each which, in turn, are packed in a case of four cartons. Each metal stand holds three cases or twelve cardboard cartons. Each stand is loaded by placing four cardboard cartons in a layer with a total of three layers. The bottom layer rests on the stand itself, but the next layer rests on the top of the bottom layer of cartons, and the third, or top layer of cartons, rests on the top of the second layer. When fully loaded the height of the stand is 36 to 40 inches from the floor.
As a safety precaution in loading the stands, the defendant's driver ordinarily pulls out slightly one of the center bottles in each of the cartons so as to lock in the carton above. On the particular Thursday in question the defendant's driver could not remember specifically whether he had in fact so locked the layers of cartons together. He testified on deposition, however, that to do so was his usual custom.
Following receipt of the plaintiffs' order for R-C Cola, the defendant's driver would first fill completely the two display stands along the aisle of the plaintiffs' store, and then place the balance of the order in the basement of the store. This he did on the Thursday in question.
Plaintiffs testified on deposition that they rarely, if ever, sold warm bottled soda drinks to their customers. All orders for such were filled from a large cooler in which was kept a variety of such beverages. One of the plaintiffs invariably filled such orders from the cooler. No customer ever waited on himself from the cooler, or took R-C Cola from one of the display stands. As the supply of R-C Cola in the cooler was diminished by purchases, the plaintiff-husband would refill the cooler from the basement supply until it was exhausted and would then fill the cooler by taking cartons from the display stands.
The plaintiff-husband testified that on the Thursday in question the display stands were almost empty. Defendant's driver accordingly, as was his custom, filled the stands and took the balance of the plaintiffs' order to the basement. The racks remained filled from Thursday until the next Sunday, with everything apparently in its normal condition.
*912 On that Sunday the plaintiff-wife, walking by one of the display stands, was injured when a carton of six bottles of R-C Cola fell from the top layer. One of the bottles broke with an exploding noise. The bottle shattered and the plaintiff-wife suffered a severe cut of the Achilles' tendon. It is for this injury that damages are sought.
In the original complaint the plaintiffs charged the defendant with negligence with respect to the carbonation of the beverage contained in the bottle which broke, with improper inspection of the bottle itself, and with breach of warranty. These apparently have been abandoned for no attempt was made to contradict the affidavit of defendant's president directed to these issues. Nor is any point made of them in this appeal.
The cause is presented to us upon the theory that the doctrine of res ipsa loquitur compels an inference of negligence on the part of defendant either in the improper carbonation of the bottle's contents causing the explosion, or in the improper stacking of the cartons on the display stands. In addition, plaintiffs argue that there was evidence that defendant's driver loaded the display stands negligently.
The doctrine of res ipsa loquitur is a rule of circumstantial evidence. It becomes applicable when the particular manner in which the injury occurred would lead reasonable people to conclude that the injury would probably, in the normal course of events, not have occurred in the absence of some negligence on the part of the defendant. When this is the situation it then becomes incumbent upon the defendant to show that the injury was not occasioned by his negligence. Delaware Coach Co. v. Reynolds, 6 Terry 226, 71 A.2d 69.
In Ciociola v. Delaware Coca-Cola Bottling Co., 3 Storey 477, 172 A.2d 252, we approved and followed the Delaware Coach Co. case. We pointed out that the Delaware Coach Co. case had removed from the doctrine the requirement of exclusive control by the defendant, an element prescribed by some jurisdictions, and had redefined res ipsa loquitur in terms similar to the rule permitting an inference of negligence to be drawn from circumstances. The only difference, which is without real distinction, in res ipsa loquitur is that the sole circumstance from which such an inference may be drawn is the injury itself.
Res ipsa loquitur, however, is subject to the same limitation as the rule permitting an inference of negligence from proven circumstances, i. e., if the injury is as consistent with the absence of negligence as with the existence of negligence, neither conclusion can be said to have been established by legitimate proof, and no issue is made for submission to the jury.
While proof of exclusive control by the defendant of the thing causing the injury is no longer a prerequisite to the application of res ipsa loquitur, nevertheless, the question of who had control may be important in determining whether the defendant caused the injury. Particularly is this so when there is an intervening lapse of time between the act of the defendant and the happening of the injury. When that is the fact it then becomes necessary for the plaintiff to demonstrate that no act of another could have intervened to cause the injury, or that the instrumentality causing the injury was not tampered with after it left the defendant's possession. Johnson v. Coca-Cola Bottling Co., Inc., 239 Miss. 759, 125 So.2d 537; Evangelio v. Metropolitan Bottling Co., 339 Mass. 177, 158 N.E. 2d 342; and Bonura v. Barq's Beverages of Baton Rouge (La.App.), 135 So.2d 338.
We turn now to the specific contentions of the plaintiffs. They charge in their pleadings that the defendant was negligent in failing to insure proper inspection of the bottle in question, or in overcarbonating the beverage which caused the bottle to explode. No point is made of this theory of the plaintiffs' case in this appeal, but in any event the defendant by affidavit refuted *913 this charge. Having done so, the burden of going forward shifted to the plaintiffs. Nothing was offered in contradiction and, hence, no issue of fact was raised. Furthermore, it is clear that only after a fall did this bottle break or "explode". Under the circumstances, judgment for the defendant on this issue should have been entered.
In this appeal plaintiffs make their main thrust against the defendant on the theory that the defendant's driver improperly stacked the cartons in the stands, and that the defendant supplied a stand unsafe for use. With respect to the stand supplied, the only fact appearing in the record is that stands of this type had been in use for a number of years without, as far as this record shows, causing injury. As to the stacking of the cartons by the defendant's driver, there is no definite proof as to what precisely he did on the day in question. The only proof along this line is the affidavit of the plaintiff-husband to the effect that he was unable to say whether the driver followed his usual custom, but an examination of his earlier deposition discloses that he contradicts himself. We do not think this showing sufficient to make a genuine issue of fact which would prevent the entry of a summary judgment. The record is that the driver customarily filled the stands in the manner described. It is at least as permissible to infer that he followed his usual practice on the day in question as that he did not.
Of a more serious nature, however, is the failure of the plaintiffs to discharge their burden of demonstrating noninterference with the stands for the period from the filling of the stands to the falling of the carton which caused the injury.
The record is clear that on Thursday the stands were filled by the defendant's driver and remained filled until Sunday. The only other affirmative fact shown with respect to the stands and the cartons on them is that on the following Sunday a carton fell from the top layer resulting in one bottle being broken. In the intervening two days the stands stood on the aisle of plaintiffs' store along which the plaintiffs' customers passed. There is no evidence as to whether or not the cartons were tampered with or the stands jostled by the customers. As in the Ciociola case, in the absence of proof one way or the other, it is as consistent to assume that they were struck or jostled by the customers as that they were not. It follows, therefore, that the plaintiffs have not discharged their burden of showing no intervening tampering with the stands or cartons.
Finally, plaintiffs argue, citing Ebersole v. Lowengrub, Del., 180 A.2d 467, that the conflicting inferences of fact to be drawn from the record prevent the entry of summary judgment in favor of the defendant for the reason that it has not produced evidence of necessary certitude negating the plaintiffs' claim. As we have pointed out, however, the undisputed facts of record permit the drawing of equally permissive inferences, one favoring liability and the other denying liability. In that state of the record the plaintiffs' case must fall. Ciociola v. Coca-Cola Bottling Co., supra.
The judgment below is affirmed.