JOHN H. PHILLIPS, JR., and BEATRICE D. PHILLIPS, his wife, Plaintiffs, v. DELAWARE POWER AND LIGHT COMPANY, a Delaware corporation, et al., Defendants.

(*May* 28, 1964.)

STIFTEL, J., sitting.

*Clement C. Wood* (of Allmond and Wood) for plaintiffs.

*William Prickett, Sr.* (of Prickett and Prickett) for Delaware Power and Light Company.

Superior Court for New Castle County, No. 1512, Civil Action, 1962.

STIFTEL, Judge.

Delaware Power and Light Company ("the Power Company") moved for summary judgment as to a count in the complaint based on *res ipsa loquitur*. On January 12, 1962, an explosion destroyed plaintiffs' home, personal property, and injured plaintiff Beatrice Phillips. The explosion was apparently caused by a broken eight-inch intermediate gas main lying beneath a city street which permitted gas to escape. This escaping gas seeped into plaintiffs' house, collected therein, and exploded.

During the summer or fall of 1961, the Dabson Paving Company, under contract with the City of Wilmington, repaired the street near the place where the gas main was broken. Before this construction work, in April or May of 1961, the Power Company had attempted to leak-proof the thirty-five year old gas mains by placing a product known as Con-seal around them. At that time, a check was made for leaks by the Power Company and none was discovered. No check was apparently made again until after the explosion of January 12, 1962. Defendant Power Company places the blame for the cracked pipe on the third party defendants, The Dabson Paving Company and the City of Wilmington, claiming that the damage was done when the street was excavated and resurfaced and when a heavy concrete slab, weighing many tons, was placed.

On these facts, plaintiffs argue that they are entitled to the doctrine of *res ipsa loquitur* against the Power Company. The Power Company contends that *res ipsa loquitur* does not apply because it did not have "exclusive control" over the area in which the mains were located

and, in any event, the doctrine is not appropriate under the facts of this case since no inference of negligence is raised merely because there was a gas leak and consequent explosion.

The Power Company argues that Delaware law requires that it be in exclusive control, and that it had only a partial control of the area in question. This statement of Delaware law is inaccurate. *Delaware Coach Co. v. Reynolds*, 6 Terry 226, 71 A.2d 69, removed the requirement of exclusive control by a defendant. The Reynolds doctrine was approved in *Ciociola v. Delaware Coca Cola Bottling Co.*, 3 Storey 477, 172 A.2d 252, and in *Skipper v. Royal Crown Bottling Company of Wilmington, Inc.*, Del., 192 A.2d 910, 912.

The Power Company, in any event, had the exclusive right to go into the mains, repair leaks, install and maintain the pipes. It was the exclusive user of these mains and had the responsibility of maintaining them in a safe condition. This responsibility was not shared with anyone. See *Chutuk v. Southern Counties Gas Co.*, 21 Cal. 2d 372, 132 P.2d 193, 194. While the City of Wilmington and Dabson had the right to excavate the earth in the area where the mains were laid, nonetheless, defendant's responsibility in reference to the care and maintenance of the mains was not terminated. Under the facts, it is possible that Dabson bears responsibility for causing the break in the main,' *Hersum v. Kennebec Water District*, 151 Me. 256, 117 A.2d 334, 53 A.L.R.2d 1072, but this does not lessen the Power Company's duties and responsibilities to maintain its gas transmitting system in a reasonably safe condition and to repair its mains promptly if they become damaged and unsound, and to be sure that its mains were at a proper depth and properly supported. The fact that the damage to the pipe may have been

caused by Dabson does not necessarily legally excuse the Power Company where it had the reasonable opportunity to inspect and discover defects caused during the period of street construction or where they could reasonably have been discovered thereafter. See *Koelsch v. Philadelphia Co.*, 152 Pa. 355, 25 A. 522, 524, 18 L.R.A. 759; 38 C.J.S. Gas § 42, p. 732. The degree of care required by the Power Company varies with the exigencies which may require vigilance and attention conforming in amount and degree to the particular circumstances. The care required is one that is proportionate to the danger which it is the duty of the gas company to avoid. See *Moidel v. Peoples Nat. Gas Company*, 397 Pa. 212, 154 A.2d 399, 402; *Daugherty v. Nebraska Natural Gas Company*, 173 Neb. 30, 112 N.W. 2d 790, 793.

■ ■ To be entitled to the use of *res ipsa loquitur* plaintiffs must show that the accident occurred under such circumstances that in the ordinary course of events the accident would not have occurred if the Power Company had observed proper care. See *Delaware Coach Co. v. Reynolds*, supra; Stevenson, Law of Negligence in the Atlantic States, p. 1400. This record indicates a rational basis for determining that the accident was probably one that would not have occurred in the normal course of events without some negligence on the part of the Power Company. This does not mean that in order to be entitled to the use of *res ipsa loquitur*, the possibility of other causes must be altogether eliminated but only that their likelihood must be so reduced that the greater probability of negligence lies at the Power Company's door. See *Schafer v. Wells*, 171 Ohio St. 506, 172 N.E.2d 708, 712; 2 Harper and James, Law of Torts, p. 1085.

■ In this case, the gas escaped from a main which the Power Company controlled. The plaintiffs themselves

had no duties in reference to these mains. In fact, they were non-users of gas. Dabson may have caused the break, but the Power Company knew that the City, through Dabson, was working in the area and that a heavy concrete slab was being placed. It had the opportunity to check the area thoroughly to be sure that the Dabson construction job in no way affected the mains. It could have laid new modern pipes, it could have laid the present pipes at a greater depth, or it could have added additional support to the pipes. In fact, there is no evidence at all that they made any inspection during the construction period. In fact, no inspection was made until after the explosion. Dabson's or the City's negligence, if any, would not excuse the Power Company from performing its duties. Furthermore, the fact that the break may have been caused by deterioration of the main, or shock from traffic, or frost affecting the pipes, would not necessarily excuse the Power Company, since it is supposedly required to have knowledge of these possibilities and to act accordingly.

The only decision to be made here is whether *res ipsa loquitur* must be removed from plaintiffs' case. In *Worden v. Union Gas System*, 182 Kan. 686, 324 P.2d 501, the Court refused to remove the doctrine under similar facts. On this record, I determine that these plaintiffs are not barred from its use.

Motion denied.