497 So.2d 809 (1986)
HATTIESBURG COCA-COLA BOTTLING CO., INC.
v.
D.C. BARRETT.
No. 56107.
Supreme Court of Mississippi.
November 5, 1986.
S. Wayne Easterling, Easterling & Varnado, Hattiesburg, for appellant.
Joe H. Montgomery, Williams, Williams & Montgomery, Poplarville, for appellee.
Before ROY NOBLE LEE, P.J., and ANDERSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This is an exploding bottle (or cap) case. The plaintiff entered a convenience store in Lumberton for the express purpose of purchasing a 16-oz. bottle of Coca-Cola. In carrying out his purpose, he reached inside a cooler and attempted to remove the bottle from the plastic six-pack container, whereupon the cap blew off with fragments thereof striking him in the eyes and nose. In his words, for about two weeks he couldn't "see to amount to anything".
He was accompanied by his son, and they immediately left for his residence where his daughter, a nurse's aide, cleaned the Coke and removed some fragments from his eye. Thereafter he visited a doctor and had total doctor and medical expenses of approximately $90.00.
Plaintiff presented the owner of the store as a witness. His testimony supports a belief by the jury that the product was not mishandled after it was placed in the store by the appellant. The testimony in this case is transcribed on 90 pages of the record.
The defendant offered its corporate president as an expert witness and he testified generally as to the manner of bottling and *810 packaging the product. On his testimony, the jury would have been justified in returning a verdict for the defendant.
The plaintiff alleged (1) strict liability, (2) breach of warranty, (3) negligence, or (4) res ipsa loquitur. The negligence issue was not pursued. The jury returned a verdict for $2500.00 in favor of the plaintiff. We affirm.
For the sake of brevity, we simply state that the defendant made all proper motions to raise the issue of the legal sufficiency of the plaintiff's evidence. However, we believe and hold that the evidence presented a simple issue for the jury. Were it not for the fact that learned counsel for the appellant argues with a great deal of force that "This case is one having great significance in this jurisdiction in the field of products liability law", we would affirm without opinion. However, since there appears to be some disagreement in the legal profession as to the proper law, we do write and point out that the question here was decided on March 30, 1970, in Falstaff Brewing Corp. v. Williams, 234 So.2d 620 (Miss. 1970), a unanimous opinion by Justice Stokes Robertson, who did not enjoy a reputation as a flaming liberal.
In the Falstaff case, an employee of a restaurant in Natchez reached inside the ice box to remove a bottle of beer, and before she could touch the bottle it exploded, causing injury. The plaintiff offered no evidence of Defendant Falstaff's negligence. The matter was tried by a chancellor, and he found in favor of the plaintiff, awarding damages. The text of the opinion is as follows:
In Johnson v. Coca-Cola Bottling Co., 239 Miss. 759, 125 So.2d 537 (1960), this Court held that the doctrine of res ipsa loquitur applied where a bottle of Coca-Cola unexplainably exploded and injured a person. We are inclined to feel that the rule of strict liability in tort is more applicable in exploding bottle cases.
In Escola v. Coca-Cola Bottling Co. of Fresno, 24 Cal.2d 453 at 461, 150 P.2d 436 at 440-441 (1944), a bottle of Coca-Cola exploded and injured the plaintiff, who was a waitress in a restaurant. The judgment for the plaintiff was affirmed by the Supreme Court of California. Justice Traynor, in his concurring opinion, offered a very logical explanation for the doctrine of strict liability in tort when he said:
"I concur in the judgment, but I believe the manufacturer's negligence should no longer be singled out as the basis of a plaintiff's right to recover in cases like the present one. In my opinion it should not be recognized that a manufacturer incurs an absolute liability when an article that he has placed on the market, knowing that it is to be used without inspection, proves to have a defect that causes injury to human beings. MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696, Ann.Cas. 1916C, 440 established the principle, recognized by this court, that irrespective of privity of contract, the manufacturer is responsible for an injury caused by such an article to any person who comes in lawful contact with it. Sheward v. Virtue, 20 Cal.2d 410, 126 P.2d 345; Kalash v. Los Angeles Ladder Co., 1 Cal.2d 229, 34 P.2d 481. In these cases the source of the manufacturer's liability was his negligence in the manufacturing process or in the inspection of component parts supplied by others. Even if there is no negligence, however, public policy demands that responsibility be fixed wherever it will most effectively reduce the hazards to life and health inherent in defective products that reach the market. It is evident that the manufacturer can anticipate some hazards and guard against the recurrence of others, as the public cannot. Those who suffer injury from defective products are unprepared to meet its consequences. The cost of an injury and the loss of time or health may be an overwhelming misfortune to the person injured, and a needless one, for the risk of injury can be insured by the manufacturer *811 and distributed among the public as a cost of doing business. It is to the public interest to discourage the marketing of products having defects that are a menace to the public. If such products nevertheless find their way into the market it is to the public interest to place the responsibility for whatever injury they may cause upon the manufacturer, who, even if he is not negligent in the manufacture of the product, is responsible for its reaching the market. However intermittently such injuries may occur and however haphazardly they may strike, the risk of their occurrence is a constant risk and a general one. Against such a risk there should be general and constant protection and the manufacturer is best situated to afford such protection."
This Court discussed and applied the doctrine in the recent cases of Ford Motor Co. v. Dees, 223 So.2d 638 (Miss. 1969); Ford Motor Co. v. Cockrell, 211 So.2d 833 (Miss. 1968); and State Stove Manufacturing Co. v. Hodges, 189 So.2d 113 (Miss. 1966). In Dees we said:
"The doctrine of strict liability in tort is strict in the sense that there is no need to prove that the manufacturer was negligent. If the article left the manufacturer's control in a dangerously unsafe condition, or was not reasonably safe, or was unsafe for its intended use, the manufacturer is liable whether or not he was at fault in creating the unsafe condition, or in failing to discover and eliminate it. Ford Motor Co. v. Cockrell, supra; State Stove Manufacturing Co. v. Hodges, 189 So.2d 113 (Miss. 1966)." 223 So.2d at 641.
From the evidence adduced, the chancellor could find that Falstaff in New Orleans loaded bottled Falstaff beer in case lots by fork lift truck into the truck of Bluff City Distributors, Inc. who transported it from New Orleans to Natchez, and there sold and delivered the beer in its original cases to Bob's Eats. The bottled beer remained in its original container in the storeroom until it was placed in the cooler back of the bar.
From the evidence the chancellor could find that it was a bottle of Falstaff beer, that exploded, that it was not frozen, and that the bottle exploded without being touched. The judgment of the chancellor is supported by substantial evidence. We, therefore, affirm the judgment.
234 So.2d at 623-24.
We are unable to find any opinions of this Court that diminish to even the slightest degree the effect of Falstaff, supra.
The appellant also assigns as error the giving of certain instructions, and further states that the verdict is excessive. The question concerning the instructions goes to the legal sufficiency of the evidence. This is answered above. Also, we find no merit in the assignment that the verdict is excessive. So that there will be no misunderstanding, we point out that the necessity of proof of the defendant's negligence in cases of this type has been relegated to its proper place in the legal history of this jurisdiction.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.