# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Noel Eason Primos
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

September 27, 2017

Ousmane Seck
963 Silver Lake Blvd.
Dover DE 19901

Mary E. Sherlock, Esquire
Brian L. Calistri, Esquire
Weber Gallagher Simpson
   Stapleton Fires & Newby, LLP
19 S. State Street, Suite 100
Dover DE 19901

> **RE: *Ousmane Seck v. Verizon***
> ***C.A. No. K16C-12-005 NEP***

Submitted: July 10, 2017
Decided: September 27, 2017

Dear Mr. Seck, Ms. Sherlock, and Mr. Calistri:

Before the Court is Verizon Delaware LLC's (hereinafter "Verizon") motion for summary judgment in an action initiated by Mr. Ousmane Seck (hereinafter "Mr. Seck"), who seeks to recover for damage to his home that resulted from a fire Mr. Seck claims was caused by a defective Verizon FiOS cable box. For the purposes of this decision, the facts are those as alleged by Mr. Seck.

1

Mr. Seck was a Verizon customer and had Verizon FiOS equipment in his house. On September 10, 2016, a fire broke out at Mr. Seck's home. Mr. Seck and his wife saw fire coming directly out of the Verizon FiOS equipment in their home. The fire caused significant damage to Mr. Seck's house and personal property. Mr. Seck also suffered emotional distress and had to incur additional living expenses as a result of losing his home. A subsequent investigation by Assistant State Fire Marshal Michael G. Chionchio determined that a there was "[a] malfunction/failure with a router box for a home internet system [that] caused fire damage to the occupied dwelling." The assistant fire marshal's report was attached to Mr. Seck's complaint as an exhibit.

Verizon argues that summary judgment pursuant to Superior Court Civil Rule 56 is appropriate because the Court's deadline to disclose experts and submit expert reports has passed and Mr. Seck has not designated any experts nor produced any reports. Verizon claims there is "absolutely no evidence to support Plaintiff's claim against Moving Defendant." In response, Mr. Seck claims that the report of the assistant fire marshal that he attached to his complaint constitutes an expert report.

Summary judgment is appropriate when the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[1] The Court must view the facts in the light most favorable to the non-moving party.[2] This Court has previously granted summary judgment where a plaintiff has failed to produce an expert opinion "when issues involving the standard

[1] Super. Ct. Civ. R. 56(c).
[2] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991).

2

of care, defects, or proximate cause relate to matters outside the common knowledge of the jury."[3]

Verizon correctly notes that Mr. Seck has not produced any expert opinion evidence of causation and thus has not made a *prima facie* case of liability for negligence. Mr. Seck's proffer of the fire marshal's report does not constitute such evidence. The report indicates that there was a malfunction or failure in the Verizon equipment, but does not indicate that such malfunction or failure existed as a result of negligence. The fire marshal's report does not theorize at all as to probable causes of the equipment malfunction.

This Court granted summary judgment under similar facts in *State Farm Fire & Casualty Company v. Middlebury Corporation*,[4] where a plaintiff was suing for damage caused by fires emanating from two deep-fryers.[5] The plaintiff's experts did not opine on the probable causes of the fires, only their origin, *i.e.*, the fryers.[6] The Court held that "a lay jury cannot attribute the fires to a defect in the fryers or a problem with their installation in the absence of expert testimony. Because [plaintiff] has not offered any evidence to support that acts, omissions, or products for which the moving defendants would be responsible caused the fires, the defendants are entitled to summary judgment."[7] The Court finds this analysis convincing here, as Mr. Seck has failed to provide expert testimony regarding Verizon's alleged negligence or whether the fire was proximately caused by such negligence.

---

[3] *Bond v. Wilson*, 2015 WL 1242828, at *2 (Del. Super. Mar. 16, 2015), *aff'd*, 125 A.3d 676 (Del. 2015)

[4] 2011 WL 1632341 (Del. Super. April 12, 2011).

[5] *Id.* at *1.

[6] *Id.*

[7] *Id.* at *3.

The Court in *State Farm* specifically found that the doctrine of *res ipsa loquitur* did not operate to preserve the plaintiff's claims.[8] *Res ipsa loquitur* would permit the finder of fact to infer a defendant's negligence as the proximate cause of the damage from certain circumstantial evidence.[9] The doctrine may be invoked when:

> (1) The accident must be such as, in the ordinary course of events, does not happen if those who have management and control use proper care; and
> (2) The facts are such as to warrant an inference of negligence of such force as to call for an explanation or rebuttal from the defendant; and
> (3) The thing or instrumentality which caused the injury must have been under the management or control (not necessarily exclusive) of the defendant or his servants at the time the negligence likely occurred; and
> (4) Where the injured person participated in the events leading up to the accident, the evidence must exclude his own conduct as a responsible cause.[10]

This Court, like that in *State Farm*, finds that *res ipsa loquitur* does not apply given the evidence before it. To apply *res ipsa loquitur*, the Court must "determine whether under the circumstances of the injury a reasonable person could find that the injury was more likely than not caused by negligence (of someone), and that from the circumstances of the injury reasonable persons could conclude that the injury would not have happened in the absence of some negligence on the part of the defendant."[11] The Court cannot here determine that a reasonable person would find

---

[8] *Id.*

[9] D.R.E. 304(a); *Skipper v. Royal Crown Bottling Co. of Wilmington*, 192 A.2d 910, 912 (Del. 1963).

[10] D.R.E. 304(b).

[11] *Smigelski v. Smith*, 1990 WL 161242, at *2 (Del. Super. Ct. Oct. 23, 1990). The *Smigelski* Court similarly found that *res ipsa loquitur* was not applicable, opining that "if [the] circumstances are as consistent with the absence of negligence as with the existence of negligence, the inference of negligence is not warranted and in that event *res ipsa loquitur* is not applicable." *Id.* at *1.

4

negligence to be more likely than not the cause of the fire absent some assistance from the parties, such as an expert report or source material that could be judicially noticed.[12]

Mr. Seck has not provided any evidence to suggest that the fire was likely caused by the negligence of Verizon. "[A] plaintiff's proffer of evidence as to where a fire originated within a piece of machinery does not necessarily warrant an inference of negligence."[13]

While the Court has discretion to grant a party opportunity to present additional evidence when there is a fair prospect of its discovery,[14] the Court declines to do so here, as the Court is unable to conclude that there is such a prospect. During the discovery period, Mr. Seck was served with multiple interrogatories requesting the identification of experts, and to all such queries, Mr. Seck responded, "I don't know yet." Mr. Seck has failed to factually develop his case, and the evidence presented at this late stage is minimal. The Court finds that Mr. Seck has had ample opportunity to find and present evidence to this Court but has declined to do so.

---

[12] *Id.* at \*2 ("the Court is called upon to determine whether under the circumstances of the injury a reasonable person could find that the injury was more likely than not caused by negligence (of someone), and that from the circumstances of the injury reasonable persons could conclude that the injury would not have happened in the absence of some negligence on the part of the defendant. In order to make that determination, some assistance must be supplied concerning the likelihood of fire occurring . . . and probable causes of such fire. The Court does not have experience or knowledge with which to make the determination called for.").

[13] *State Farm Fire & Cas. Co. v. Middlebury Corp.*, 2011 WL 1632341 at \*5 (Del. Super. Ct. Apr. 12, 2011) (citing *Smigelski*, 1990 WL 161242, at \*2). It is additionally problematic that Mr. Seck has proffered no evidence as to the third and fourth elements of *res ipsa loquitur*. It is not clear what level of control Verizon had over the equipment during the period preceding the fire, and Mr. Seck has failed to allege that no modifications were made to the equipment or that it was not subject to improper usage or maintenance in such a way that might result in a fire.

[14] *McGuire v. McCollum*, 49 Del. 359, 367, 116 A.2d 897, 902 (Del. Super. Ct. 1955).

WHEREFORE, for the foregoing reasons, Defendant Verizon's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

<u>/s/Noel Eason Primos</u>
Judge

NEP/wjs
oc: Prothonotary

6